## HART *v.* SANSOM & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF TEXAS.

Submitted January 2d, 1884.—Decided January 21st, 1884.

*Estoppel—Evidence—Judgment.*

A decree of a State court for the removal of a cloud upon the title of land within the State, rendered against a citizen of another State, who has been cited by publication only, as directed by the local statutes, is no bar to an action by him in the Circuit Court of the United States to recover the land against the plaintiff in the former suit.

In a suit to recover land, and to remove a cloud upon the title thereof, brought in a court of the State in which the land is, against W, H and others, the petition alleged that W ejected the plaintiff and unlawfully withheld possession from him; that H set up some pretended claim or title to the land; that the other defendants held recorded deeds thereof, which were fraudulent and void; and that the pretended claims and deeds cast a cloud upon the plaintiff's title. Due service was made on the other defendants; and a citation to H, who was a citizen of another State, was published as directed by the local statutes. All the defendants were defaulted; and upon a writ of inquiry the jury found that H claimed the land, but had no title, of record or otherwise, and returned a verdict for the plaintiff. Judgment was rendered that the plaintiff recover the land of the defendants, and that the deeds mentioned in the petition be cancelled and annulled, and the cloud thereby removed and for costs, and that execution issue for the costs. *Held,* that this judgment was no bar to an action by H in the Circuit Court of the United States to recover the land against the plaintiff in the former suit.

*Mr. W. Hallett Phillips* and *Mr. H. J. Leavy* for the plaintiff in error.

*Mr. A. S. Lathrop* for the defendant in error.

Mr. Justice Gray delivered the opinion of the court.

This is a writ of error sued out by Edmond J. Hart, a citizen of Louisiana, to reverse a judgment rendered against him in the Circuit Court of the United States for the Northern District of Texas, in an action brought by him against Marion Sansom and the heirs at law of Thomas M. League, citizens of Texas, to recover a tract of land in Johnson County in that State, of which they had dispossessed him.

At the trial, Hart proved his title under a patent from the Republic of Texas to League, and a deed with general covenants of warranty from League, dated August 19th, 1846, and both recorded on December 9th, 1879; and it appeared that the defendant Sansom held possession of the land under a lease from the other defendants, and as their tenant.

The defendants offered in evidence the record of a judgment rendered by the District Court of Johnson County, on August 24th, 1875, upon a petition filed June 11th, 1873, by the heirs at law of League (who died intestate November 5th, 1865) against Virgil Wilkerson, Orlando Dorsey and several other persons, and Hart, alleging that Wilkerson ejected the plaintiffs from this land, and unlawfully withheld possession thereof from them; that on October 29th, 1870, the defendant Dorsey, by deed, duly recorded, conveyed to some of the other defendants than Wilkerson and Hart three-fourths of the land, reserving in that deed the remaining fourth to himself, and that other deeds (particularly set forth) of parts of the land were afterwards made to the rest of such other defendants, and recorded; that the defendant Hart "set up some pretended claim and title to said land;" and that "the defendant Wilkerson is a naked trespasser upon the land of the plaintiffs; and that the several other defendants' several deeds, which appear upon the record of deeds of Johnson County as aforesaid, are fraudulent and void, and that the said pretended claims and deeds, and each and all of them, cast a cloud upon the title of the plaintiffs;" and praying "that they have judgment that the cloud upon the title of the plaintiffs, created by the several deeds aforesaid, be removed, and that the said deeds and each and all of them be declared null and void, and be cancelled and dis-

charged of record, and that the title of the plaintiffs in and to said premises and every part thereof may be confirmed and established as against said defendants and each and every of them and all persons claiming through or under them," and for a writ of possession, damages, and costs.

That record also showed the issue and due service of citations to all the defendants except Dorsey and Hart; the issue of a citation directing the sheriff to serve Hart, being a citizen of Louisiana, by publication, and the sheriff's return showing the execution of the citation by such publication in a newspaper of the county four successive weeks before the return day; and a like service by publication on Dorsey, a citizen of New York.

That record further showed a default of all the defendants; and that upon a writ of inquiry the jury assessed damages against Dorsey and Hart; found as facts the issue of the patent to League and the title of the plaintiffs as his heirs, that Hart "claimed said land," and that a deed was made by Dorsey, and recorded, as alleged in the petition, but that Hart and Dorsey respectively had no title, of record or otherwise; and returned a verdict " for the plaintiffs, and that they recover the land described in the petition."

That record finally showed a judgment " that the plaintiffs recover of the defendants the premises described," and " that the several deeds in the plaintiffs' petition mentioned be, and the same are hereby, annulled and cancelled, and for naught held, and the cloud thereby removed," and for costs; and that execution issue for the costs.

The Circuit Court, against the plaintiff's objection, admitted the judgment in evidence, instructed the jury that it divested the plaintiff of his title to the land, and directed a verdict for the defendants.

The plaintiff, deriving his title under a deed with covenants of general warranty from League, is entitled to maintain this action against League's heirs, who are estopped by those covenants, unless the former judgment in the action brought by them in the State court has adjudicated the title as between them and the present plaintiff. It is therefore necessary to consider the nature and effect of that judgment.

The petition combined, in accordance with the practice prevailing in that State, an action in the nature of ejectment to recover possession of the land, and a suit in equity to remove a cloud upon the plaintiffs' title; and the service by publication was in the form authorized by the local statutes against non-residents.  1 Paschal's Digest of Laws of Texas (4th ed.) art. 25.

The petition alleged that Wilkerson was in possession; and that the other defendants, except Hart, held recorded deeds, which were fraudulent and void, and cast a cloud upon the plaintiffs' title.  But as to Hart, it did not allege that he was in possession, or was in privity with the other defendants, or that he held any deed, but only that he set up some pretended claim and title.  And the verdict finds that he claimed the land, but had no title of record or otherwise therein.  The judgment is that the plaintiffs recover the land of the defendants, and that the deeds mentioned in the petition be and are annulled and cancelled, and the cloud thereby removed, and for costs; and execution is awarded for costs only, and not for any writ or process in the nature of a writ of possession or *habere facias*.

It is difficult to see how any part of that judgment (except for costs) is applicable to Hart; for that part which is for recovery of possession certainly cannot apply to Hart, who was not in possession; and that part which removes the cloud upon the plaintiffs' title appears to be limited to the cloud created by the deeds mentioned in the petition, and the petition does not allege, and the verdict negatives, that Hart held any deed.

But if there is any judgment (except for costs) against Hart, it is, upon the most liberal construction, only a decree removing the cloud created by his pretended claim of title, and is no bar to the present action.

Generally, if not universally, equity jurisdiction is exercised *in personam*, and not *in rem*, and depends upon the control of the court over the parties, by reason of their presence or residence, and not upon the place where the land lies in regard to which relief is sought.  Upon a bill for the removal of a cloud upon title, as upon a bill for the specific performance of an

agreement to convey, the decree, unless otherwise expressly provided by statute, is clearly not a judgment *in rem*, establishing a title in land, but operates *in personam* only, by restraining the defendant from asserting his claim, and directing him to deliver up his deed to be cancelled, or to execute a release to the plaintiff. Langdell Eq. Pl. (2d ed.) §§ 43, 184; *Massie* v. *Watts*, 6 Cranch, 148; *Orton* v. *Smith*, 18 How. 263; *Vandever* v. *Freeman*, 20 Tex. 334.

It would doubtless be within the power of the State in which the land lies to provide by statute that if the defendant is not found within the jurisdiction, or refuses to make or to cancel a deed, this should be done in his behalf by a trustee appointed by the court for that purpose. *Felch* v. *Hooper*, 119 Mass. 52; *Ager* v. *Murray*, 105 U. S. 126, 132. But in such a case, as in the ordinary exercise of its jurisdiction, a court of equity acts *in personam*, by compelling a deed to be executed or cancelled by or in behalf of the party. It has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title.

In the judgment in question, no trustee to act in behalf of the defendant was appointed by the court, nor have we been referred to any statute authorizing such an appointment to be made. The utmost effect which can be attributed to the judgment, as against Hart, is that of an ordinary decree for the removal by him, as well as by the other defendants, of a cloud upon the plaintiff's title.

Such a decree, being *in personam* merely, can only be supported, against a person who is not a citizen or resident of the State in which it is rendered, by actual service upon him within its jurisdiction; and constructive service by publication in a newspaper is not sufficient. The courts of the State might perhaps feel bound to give effect to the service made as directed by its statutes. But no court deriving its authority from another government will recognize a merely constructive service as bringing the person within the jurisdiction of the court. The judgment would be allowed no force in the courts of any other State; and it is of no greater force, as against a citizen of another State, in a court of the United States, though

held within the State in which the judgment was rendered. *Hollingsworth* v. *Barbour*, 4 Pet. 466, 475; *Boswell* v. *Otis*, 9 How. 336; *Bischoff* v. *Wethered*, 9 Wall. 812; *Knowles* v. *Gas-light Company*, 19 Wall. 58; *Pennoyer* v. *Neff*, 95 U. S. 714. See also *Schibsby* v. *Westenholtz*, L. R. 6 Q. B. 155; *The City of Mecca*, 6 P. D. 106.

The Circuit Court having ruled and instructed the jury otherwise, its judgment must be reversed, and the case remanded with directions to set aside the verdict, and to order a

*New trial.*