## CLARK *v.* HAMMETT.

*(Circuit Court, D. Kansas.* April, 1886.)

WRIT AND PROCESS—SERVICE BY PUBLICATION—SUIT TO QUIET TITLE—SUBSEQUENT EJECTMENT.

    A decree in a suit to quiet title in the circuit court against a defendant who is a citizen of another state, rendered on service of summons by publication, will not bar a subsequent action of ejectment by the defendant to recover the land involved.

At Law.

*J. G. Slonecker,* for plaintiff.

*Fabius M. Clarke,* for defendant.

FOSTER, J. Action in ejectment by the plaintiff to recover certain real estate situate in Marshall county, Kansas. Defendant pleads in bar a decree of this court in the case of Charles L. Flint against David M. Clark, said plaintiff, and others, quieting the title of said Flint to the land in controversy, and decreeing Clark's title invalid, and barring him from asserting the same; that said defendant holds title to the land under said Flint, etc. To this plea the plaintiff files a general demurrer.

It appears from the record of *Flint* v. *Clark* that Flint held a tax deed on the land, and that he filed a bill in equity against said Clark and others to quiet his title, and to bar them from asserting any claim to the land. In his bill, after setting out his tax deed, he avers "that each of the said defendants claims some title, estate, interest in, or some lien or claim upon, the lands, by patent from the United States, or through grantors under such patents; and claiming that there are errors and irregularities connected with the issue of said tax deeds which render the same voidable. * * * And plaintiff avers that the said estate of the defendants was divested by the said tax deeds, and the said claims and pretenses are unjust, inequitable, and unfounded, and tend to the manifest injury of the plaintiff, and to disturb him in the enjoyment of his said estate, and to prevent an advantageous sale thereof." He therefore prays that his title may be established and quieted, and that defendants, and all persons claiming under them, be forever barred from asserting title, etc. Clark was and is a citizen of Massachusetts, and service of process was made on him by publication in a newspaper, under the act of congress of March 3, 1875. He made no appearance, and a decree was entered

as prayed for. This question goes to the jurisdiction of the court to make such decree on service by publication.

Ths statutes of Kansas authorize such a suit and such service. St. 1879, Code, § 72, p. 594. The act of congress of March 3, 1875, authorizes such service in suits pending in this court to remove any incumbrance or lien or cloud upon the title to real or personal property within the district, when one or more of the defendants shall not be an inhabitant of, or found within, the district, etc. It will be observed that this act does not, in terms, authorize such service in suits to *quiet title,* but it is difficult to perceive wherein such a suit is not as much a proceeding *in rem* as a suit to remove a cloud. On the other hand, I think it must be conceded that if a suit to remove a cloud is a proceeding *in personam,* a suit to quiet title must be held as coming under that class. The supreme court has decided that a suit to quiet title, in a case like *Flint* v. *Clark,* under a statute of a state, is maintainable on the equity side of this court when the defendant is in court. *Holland* v. *Challen,* 110 U. S. 15; S. C. 3 Sup. Ct. Rep. 495; *Reynolds* v. *Bank,* 112 U. S. 405; S. C. 5 Sup. Ct. Rep. 213. It is unnecessary to cite authorities to sustain the rule of law that no personal judgment can be rendered against a party unless he has been served with process or makes voluntary appearance, nor is it necessary to cite authorities to the other rule that an adjudication *in rem* can be made when the court has obtained jurisdiction of the *res* without personal service of process on the person. It would follow that if the suit by Flint to quiet his title was a proceeding *in personam,* and not *in rem,* the decree of the court, so far as it sought to adjudicate and bar Clark's title to the land, was *coram non judice,* and void. The supreme court of the United States has declared that a suit to remove a cloud from the title to real estate is a proceeding *in personam,* (*Hart* v. *Sansom,* 110 U. S. 151, S. C. 3 Sup. Ct. Rep. 586,) and that jurisdiction of the person is necessary to making the decree.

As before stated, if a suit to remove a cloud is a personal action, I think it must be conceded that a suit to quiet title is likewise. There is no seizure or taking of the property by the court, nor any decree for its sale, or for any act or thing to be done in regard to the thing itself, which is required to make it a proceeding *in rem. Pennoyer* v. *Neff,* 95 U. S. 714; *Webster* v. *Reid,* 11 How. 437. The proceeding appears to be directed against the person. It is true it does not seek to compel him to execute a release of his pretended title, but rather seeks to enjoin and bar him, and all persons claiming under him, from asserting any title or interest in the land. In *Hart* v. *Sansom, supra,* the court say:

"Generally, if not universally, equity jurisdiction is exercised *in personam,* and not *in rem,* and depends upon the control of the court over the parties by reason of their presence or residence, and not upon the place where the land lies in regard to which relief is sought.  *  *  *  It has no inherent power, by the mere force of its decree, to annul a deed or to establish a title."

The court further say it would doubtless be within the power of the state in which the land lies to provide that the court might appoint a trustee to execute or cancel a deed on behalf of a defendant not found within the jurisdiction of the court. *Massie* v. *Watts*, 6 Cranch, 148; *Orton* v. *Smith*, 18 How. 263; *Webster* v. *Reid, supra.*

Believing, as I do, that the supreme court has established the rule of law applicable to this case, it is not necessary for me to discuss it as an original proposition, or to refer to the general views presented by defendant's counsel, or by Mr. Justice HUNT in his dissenting opinion in *Pennoyer* v. *Neff,* however much of reason they might present to my mind if the question was not *stare decisis.*

The plaintiff's demurrer must be sustained; and it is so ordered, with leave to defendant to answer.