## Pitts *v.* Clay and others.

*(Circuit Court, N. D. Iowa, W. D.* May Term, 1886.)

1. **Taxation—Validity—Interest of United States in Land.**
   A settler located a bounty land-warrant upon the premises in dispute, and received a duplicate of location; but the commissioner of pensions addressed a notice to the commissioner of the general land-office, requesting that the issuance of a patent be withheld, on the ground that the assignment of the warrant was a forgery. After a lapse of some years the applicant furnished a new warrant, which was substituted for the one he formerly held, and the patent for the land was issued to him thereupon. *Held,* that during the period which elapsed between the filing of the original, and the filing of the substituted, warrant the United States had such an interest in the land as prohibited taxation under the laws of the state; and that tax deeds based upon assessments during that period are void.

2. **Estoppel—Action to Quiet Title—Publication—Decree by Default.**
   A party is not barred from asserting title to realty by reason of a decree rendered in a proceeding to quiet title against one through whom the claimant derives title, where the antecedent owner was a non-resident, and the only notice given of the pendency of the suit was by publication in a newspaper; there being no appearance in that cause, and the decree being rendered upon a default.

In Equity. Bill to quiet title.
*Barrett & Bullis,* for complainant.
*Struble, Rishel & Hart* and *C. R. Marks,* for defendant.

SHIRAS, J. The subject of controversy in this cause is the title to 80 acres of land situated in Sioux county, Iowa. The complainant claims title under a patent issued by the United States to Jesse Williams, dated March 8, 1871. The defendants claim title under two tax deeds executed by the treasurer of Sioux county, Iowa, one dated December 14, 1865, and the other, February 3, 1873, both being based upon sales of the property for delinquent taxes assessed upon the realty prior to the year 1870. The evidence shows that on the second day of June, 1857, Jesse Williams located bounty land-war-

rant No. 60,801 upon the premises in dispute, in the United States land-office at Sioux City, and received a duplicate certificate of location, in the usual form. On the thirtieth of May, 1857, two days before the location of the warrant by Jesse Williams, the commissioner of pensions had addressed a letter to the commissioner of the general land-office, requesting that officer to withhold the issuance of a patent upon warrant No. 60,801, on the ground that the assignment thereof was a forgery. On the nineteenth of June, 1863, the commissioner of the land-office addressed a letter to the register of the local office at Sioux City, requesting him to inform Jesse Williams that the commissioner of pensions had cancelled warrant No. 60,801 for forgery in its assignment, and in the papers on which its issue was obtained; and further stating that, as it was to be presumed that Jesse Williams had bought the warrant in good faith, and had no connection with the fraud, he could secure the issue of a patent for the land by substituting a valid warrant, or by making a re-entry for cash. On the fourth of November, 1870, Williams furnished warrant No. 113,546, which was substituted for No. 60,801, and on the eighth of March, 1871, the patent was issued to him.

The first question to be determined is whether, under this state of facts, the land could be legally subjected to taxation by the state and county authorities prior to the fourth of November, 1870; for if the United States had such an interest in it up to that date as prohibited taxation under the laws of the state, it follows that the tax deeds are wholly void; they being based upon assessments made prior to the year 1870.

Upon part of the defendant it is claimed that the case comes within the rule laid down in *Witherspoon* v. *Duncan,* 4 Wall. 210, *Carroll* v. *Safford,* 3 How. 441, and other cases, wherein it is held that when the contract of purchase is complete, and the United States holds only the naked legal title in trust for the purchaser, the state has the right of taxation. Complainant, not questioning this rule, claims that in this case the contract of purchase was not complete until the substituted warrant was filed in the local land-office, in November, 1870, and that until that was done the United States remained the owner of the land, and consequently the same was not taxable under the doctrine announced in *Railway Co.* v. *Prescott,* 16 Wall. 603; *Railway Co.* v. *McShane,* 22 Wall. 444; and *Railway Co.* v. *Rockne,* 6 Sup. Ct. Rep. 201,—wherein it is held that the rule that land may be taxed before conveyance of the legal title by the United States is "only applicable to cases where the right to the patent is complete, —the equitable title fully vested, without anything more to be paid, or any act to be done, going to the foundation of the right."

Upon part of the defendants it is contended that the commissioner of pensions had no legal right or authority to declare warrant No. 60,801 void for fraud or forgery, and that his act in so doing can have no legal significance. Granting this to be so, it still appears

that the general land-office refused to grant a patent upon the location made of that warrant, and required either the substitution of another warrant or a re-entry for cash. Another warrant having been substituted, the patent issued; but can it be said that Williams' right to a patent was complete until the substitution was made? Had Williams contested the right of the commissioner of the land-office to refuse a patent on the ground of the invalidity of warrant No. 60,801, and established its validity, it might be that in such case it should be held that his equitable title had been perfected at the date of the original entry. This he did not do, however, but, on the contrary, he acquiesced in the holding of the department, substituted another warrant, and procured the patent thereon.

To sustain defendants' theory that Williams had fully established his equitable title by locating warrant No. 60,801, it must appear that the same was a valid warrant. There is no direct evidence in the case upon that question. The department refused to recognize it as a valid instrument, and Williams acquiesced in such decision. This court certainly cannot be asked to reverse such action on part of the department without cogent evidence of its invalidity, even if the power so to do exists under any circumstances. In fact, the equitable title in Williams was not perfected until the substituted warrant was furnished. Until that was done, it was wholly uncertain whether Williams would ever pay for the land, and until a valid warrant was substituted, or the money was paid, it cannot be said that Williams had perfected an equitable title to the land. Until the substituted warrant was furnished, the payment for the land was not made, and until payment was made, the United States had an interest in the land which debarred the state from taxing the same; and hence the tax deeds, being founded upon taxes assessed prior to the year 1870, must be held to be invalid and void.

It is further contended, on behalf of defendants, that complainant is barred in this action by reason of a decree rendered by the circuit court of Sioux county, in a proceeding brought to quiet title against one McConaughy, through whom complainant derives title. The petition in that cause was filed December 10, 1873, at which time the title had passed from the United States to Williams, and from the latter to McConaughy. The evidence shows that McConaughy was a non-resident of Iowa; that the only notice given of the pendency of the suit in said circuit court was by publication in a newspaper in said Sioux county; that there was no appearance in that cause for defendant, the decree being rendered upon a default, and is to the effect that the petitioners in that cause were the owners of the land; and that the defendant was forever barred from asserting any right or title to the land. The question arising from this state of facts is whether McConaughy and his grantee are bound by a decree of this nature, rendered by default, upon service by publication only. I am not able to distinguish this case from that of *Hart* v. *Sansum*, 110

U. S. 151, S. C. 3 Sup. Ct. Rep. 586; and following the ruling therein made, I am compelled to hold that the decree in question is not a bar to the present suit.

It follows that complainant is entitled to a decree, as prayed for, quieting his title against all the defendants.

It appears from the evidence that the defendants have paid the taxes for several years upon these lands, including interest and certain penalties, and complainant in his bill offers to repay the same. The decree will therefore provide for the repayment of the sums paid by the defendant, with legal interest, the same to be a lien upon the land as against complainant, and in favor of defendants.