## PALMER *v.* McCormick and another.

*(Circuit Court, N. D. Iowa, W. D.   1886.)*

1. MORTGAGES—NON-RESIDENT MORTGAGOR—STATE STATUTES PART OF CONTRACT.
     When a non-resident executes a mortgage upon property, it must be held that he executed the same with reference to the laws of the state where the property is situated, regulating such instruments, and the statutory modes for the enforcement of such contracts must be deemed to be part of the agreement of the parties.

2. SAME—FORECLOSURE—DECREE—NOT A PERSONAL JUDGMENT.
     A decree of foreclosure that the complainant "recover of the defendant, out of the mortgaged premises, $487.38,   *   *   *   and that real estate in question, or sufficient thereof, be sold," etc., is not a personal judgment, but a decree *in rem.*

3. SAME — SERVICE BY PUBLICATION—STATUTE AUTHORIZING, CONSTITUTIONAL.
     A statute authorizing service by publication in such a case, where personal service cannot be had, is not unconstitutional, and a decree rendered upon such service binds the property within the jurisdiction of the court.

4. SAME—AFFIDAVIT—CODE IOWA, § 2618, SUBD. 3.
     Actions to foreclose may be brought under Code Iowa. § 2618, subd. 3, upon affidavit that personal service cannot be had on the defendant within the state.

5. SAME—NOTICE OF PUBLICATION—AFFIDAVIT—COUNTRY PAPER—PROPRIETOR AND PUBLISHER—CODE IOWA, § 2620.
     Where the paper in which notice to foreclose is published is a country paper, issued weekly, the affidavit of publication may be made by the proprietor.—"proprietor" and "publisher" being, in such cases, synonymous.   Code Iowa, § 2620.

In Equity.   Demurrer to bill to redeem mortgage, and to set aside foreclosure.

The opinion states the facts.

*J. W. Cory,* for complainant.

*W. H. Baily,* for defendants.

SHIRAS, J.   From the averments of the bill filed in this cause, it appears that on the eighth of July, 1871, a patent in due form was issued by the United States to complainant for certain realty, situated in Dickinson county, Iowa; that on the eighth day of March, 1876, complainant executed a mortgage on said realty to secure an indebtedness due to C. H. & L. J. McCormick; that on the thirty-first of March, 1877, the mortgagees brought an action to foreclose said mortgage in the district court of the state of Iowa, in and for Dickinson county, Iowa; that no personal service of notice of the bringing of suit was given to complainant; that complainant did not appear thereto, and had no knowledge of its pendency; that at the May term, 1877, of said court, a decree of foreclosure by default was rendered against complainant, which in form was a personal judgment against complainant; that it was not shown or proved that complainant was at that time a non-resident of the state of Iowa, although in fact he was not a resident of Iowa at that time; that the affidavit of publication of the notice was insufficient, because it was made by

one of the proprietors of the paper, instead of by the publisher, or his foreman; that under the decree rendered an execution was issued, and the property was, on the twelfth of June, 1877, sold to the mortgagees; that complainant has tendered the amount due on the mortgage, and therefore complainant prays that he may be allowed to redeem the property, and that the decree of foreclosure, the deed based thereon, and all subsequent conveyances, may be declared void, and be set aside.

To this bill a demurrer is interposed, on the ground that the allegations of the bill fail to show a case entitling complainant to the relief sought.

The principal question presented in argument by counsel is whether the district court of Dickinson county had jurisdiction of the foreclosure proceedings; the contention on part of complainant being that the decree of foreclosure rendered is absolutely void for want of jurisdiction, the grounds therefor being that complainant was a non-resident of Iowa when the suit in foreclosure was brought, and that a statute authorizing service by publication is unconstitutional; that, to confer jurisdiction, every requirement of the statute must be fully met; that the record of the foreclosure cause does not show, upon its face, that complainant was not a resident of Iowa when the suit was brought; and that the affidavit of publication was not made by the publisher of the newspaper, or his foreman, as required by the statute of Iowa.

Counsel for complainant assumes in his argument that the decree rendered in the foreclosure proceedings is, in effect, a personal judgment against complainant; and argues that such a judgment is void, when rendered against a non-resident upon service by publication only. The decree rendered is as follows:

"It is considered, adjudged, and decreed by the court that the plaintiffs, C. H. & L. J. McCormick, have and recover of and from the defendant, Jared Palmer, out of the mortgaged premises herein described, the sum of four hundred and eighty-seven 38-100 dollars, together with interest; * * * and that the mortgage mentioned in plaintiffs' petition be foreclosed, and the real estate therein described, or sufficient thereof, be sold to make said money, interest, and costs; and that special execution issue accordingly."

The decree does not provide for a general execution, but, by its terms, is expressly confined to the realty in the mortgage described. In effect, it finds that there is a certain amount due to complainants from Palmer, and decrees that the same shall be made out of the mortgaged property by a sale thereof. Unless the court had the power to render such a decree upon a service by publication, made in accordance with the provisions of the statute, it would be impossible to foreclose a mortgage given upon realty in this state by a non-resident, unless the mortgagor chose to enter a voluntary appearance, or permitted service to be made upon him within the state. By the execution of the mortgage the complainant herein voluntarily created

a lien upon the realty, and agreed that, if the debt secured by the mortgage was not paid when due, then the realty described might be sold in discharge of the indebtedness. The decree rendered by the district court of Dickinson county only carries into effect this agreement of the mortgagor. It does not affect him, or his rights, any further than to provide that so much of the mortgaged property as may be needed may be sold to pay the debt secured by the mortgage.

When a non-resident executes a mortgage upon property in Iowa, it must be held that he executes the same with reference to the laws of Iowa regulating such instruments, and the statutory methods for the enforcement of such conveyances must be deemed to be part of the contract of the parties. That is to say, the mortgagee is entitled to avail himself of the provisions of the state statute providing for the foreclosure of such instruments, or otherwise he would be unable to reap the benefit of his security. And, on the other hand, the mortgagor, though a non-resident, is also entitled to the protection given by the statute to the mortgagee,—such as the right of redemption and the like.

The case does not fall within the rule announced in *Hart* v. *Sansom,* 110 U. S. 151, S. C. 3 Sup. Ct. Rep. 586, wherein it is held that, in a personal action brought to settle the title to realty, service by publication only, against a non-resident, would not enable the court to render a personal judgment binding in all jurisdictions. In such a case it is apparent that the party has never had his day in court, and was not within the jurisdiction of the court when the judgment was rendered.

In the case now under consideration it is not sought to bind the mortgagor by a personal judgment. All that is sought is to enforce the agreement of the party by a decree providing for the sale of the mortgaged property, and the decree is not personal, but *in rem.* In such cases statutes authorizing service by publication, when personal service cannot be had, are not unconstitutional, and decrees rendered upon such service will bind the property within the jurisdiction of the court. *Pennoyer* v. *Neff,* 95 U. S. 714.

On behalf of complainant it is further urged that, if a decree based upon service by publication is valid under any circumstances, it must appear that every requirement of the statute authorizing such service has been fully complied with, or otherwise the court would be without jurisdiction; and that, in this particular case, the record of the decree in foreclosure does not show that the defendant therein was a non-resident of Iowa. If the suit in question had been brought under subdivision 6 of section 2618 of the Code of Iowa, the argument of counsel would be applicable; but, in fact, suits for foreclosure are covered by subdivision 3 of the section, and under that clause service by publication is not limited to cases wherein the defendant is a non-resident of the state, but may be made "when an affidavit is filed that personal service cannot be made on the defendant within this

state." The record shows that such an affidavit was in fact filed in the foreclosure suit, and it is not averred that its statements are false, or that personal service could have been made upon the mortgagor within the state of Iowa. The requirement of the statute in this particular was fully complied with, and service by publication made in pursuance thereof was valid.

It is claimed, however, that proper proof of the publication of the notice was not filed as required by section 2620 of the Code of Iowa, because the affidavit of publication was not signed by the publisher of the paper, or his foreman, but by the proprietor. It is not averred in the bill that there was a publisher of the paper other than the proprietor thereof, or that the person making the affidavit was not in fact the publisher thereof. What is claimed is that the court must hold, as a matter of law, that an affidavit made by one who described himself as the proprietor of a paper is not a compliance with the statute which provides that the affidavit must be made by the publisher of the paper or his foreman. The paper in which publication was made is a country paper, issued weekly. When used in connection with a paper of this description, the words "proprietor" and "publisher" are synonymous. *Pennoyer* v. *Neff*, 95 U. S. 714.

A number of other legal propositions are presented in the arguments of counsel, but it is not necessary to consider them in detail, as the decision of the case turns upon the points herein noticed.

From the bill, it appears that in March, 1876, complainant executed a mortgage to C. H. & L. J. McCormick, to secure the payment of an indebtedness due them upon the realty in the bill described, situated in Dickinson county, Iowa. Upon the failure of complainant to pay the indebtedness thus secured, the mortgagees brought suit to foreclose the mortgage in the district court of Dickinson county; and as the mortgagor was a non-resident of Iowa, service could only be had by publication in the mode provided for by the statute of Iowa. Such service having been made at the May term, 1877, a decree of foreclosure was rendered by default, and the property was sold to the mortgagees; and, not being redeemed, a sheriff's deed was executed to them; that said mortgagees subsequently sold the realty to Van Steinberg and Crandall, who have been in possession thereof for over seven years, putting valuable improvements thereon. After an unexplained delay of over eight years, the complainant brings the present suit to redeem, and attacks the validity of the foreclosure proceedings for the reasons herein stated. None of the objections made to the jurisdiction of the court rendering the decree of foreclosure are well founded, and no facts are set forth in the bill justifying the court in disturbing the titles based upon that decree.

The demurrer to the bill must therefore be sustained; and it is so ordered.