UNITED STATES v. SOUTHERN PAC. R. CO. et al.

(Circuit Court, S. D. California. October 11, 1894.)

No. 587.

**JURISDICTION OF FEDERAL COURTS—SUITS BY UNITED STATES TO QUIET TITLE —NONRESIDENT DEFENDANTS.**

A suit by the United States to quiet title is within the jurisdiction of the circuit court of the district where the land lies, although defendants may not be inhabitants of that district, for such a suit is "substantially a suit in rem," within the doctrine of cases like Pennoyer v. Neff, 95 U. S. 714, and Arndt v. Griggs, 10 Sup. Ct. 557, 134 U. S. 316, and therefore falls within the provisions of section 8 of the judiciary act of 1875, relating to service by publication in certain cases affecting real estate, which section was expressly continued in force by the act of 1887–88.

George J. Denis, U. S. Atty., and Joseph H. Call, Spec. Asst. U. S. Atty.

Joseph D. Redding, for defendants.

ROSS, District Judge. This is a suit in equity brought by the government to quiet its alleged title to a large number of townships, sections, and parts of sections of land situated within this judicial district, in which it is alleged the defendants claim an interest under and by virtue of an act of congress approved March 3, 1871, entitled "An act to incorporate the Texas Pacific Railroad Company and to aid in the construction of its road, and for other purposes" (16 Stat. 573), and to enjoin the defendants from cutting or removing from said lands timber, wood, minerals, or other valuable deposits. To the bill the Southern Pacific Railroad Company, alleged to be a corporation organized and existing under the laws of the state of California; D. O. Mills and Gerrit L. Lansing, trustees, alleged to be citizens of the state of California, and residents of the city of San Francisco, of that state; the Central Trust Company of New York, alleged to be a corporation organized and existing under the laws of the state of New York; the Southern Pacific Company, alleged to be a corporation organized and existing under the laws of the state of Kentucky; and the Colorado River Irrigation Company, alleged to be a corporation organized and existing under the laws of the state of Colorado, —are made parties defendant. The Southern Pacific Railroad Company, the Southern Pacific Company, and Gerrit L. Lansing have appeared specially, and filed pleas in the nature of pleas in abatement, objecting to the jurisdiction of the court. The plea of the Southern Pacific Railroad Company sets up that it is a corporation duly organized under the laws of the state of California, and while admitting that it operates a line of railway through this judicial district, and maintains a ticket and freight office and depot therein, alleges that it is not an inhabitant of this district, but that it has its principal office, habitat, and domicile in the city and county of San Francisco, state of California. The plea of the Southern Pacific Company alleges that it is not an inhabitant or resident of this judicial district, but is a corpora-

v.63f.no.4—31

tion organized and existing under the laws of the state of Kentucky, and having its habitat and domicile in that state. The plea of Gerrit L. Lansing alleges that he does not reside in this judicial district, but is an inhabitant and resident of the city and county of San Francisco, in the northern district of this state. Each of the defendants so appearing pray that the suit against them be dismissed for want of jurisdiction. On motion of the government the pleas were set down for argument. The question, therefore, is whether, under the facts as alleged in the bill and in the pleas, the court has jurisdiction to entertain the suit and proceed in the cause.

The court, of course, takes judicial notice of the fact that the state of California is divided into two judicial districts. It is further aware of the fact that it is the established law that a corporation organized in one of the United States, and in. that state only, cannot be considered a citizen, an inhabitant, or a resident of any other state, and that a corporation created by a state in which there are two or more judicial districts is to be considered an inhabitant of that district in which its general offices are situated, and in which its general business, as distinguished from its local business, is transacted. Railway Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, and cases there cited. The Southern Pacific Railroad Company, and D. O. Mills and Gerrit L. Lansing, trustees, are therefore to be regarded as citizens and inhabitants of the northern district of California; the Central Trust Company, as a citizen and inhabitant of the state of New York; the Southern Pacific Company of Kentucky, as a citizen and inhabitant of the state of Kentucky; and the Colorado River Irrigation Company, as a citizen and inhabitant of the state of Colorado. And as the government is not a citizen or inhabitant of any particular state or district, but is everywhere present within the territorial limits of the United States, none of the parties to the suit can be regarded as citizens or inhabitants of this judicial district; but the lands which constitute the subject of the suit are situated within this judicial district. By the act of congress of March 3, 1887 (24 Stat. 552), as corrected by the act of August 13, 1888 (25 Stat. 433), the circuit courts of the United States are given "original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners * * * ;" and, by a subsequent provision of the same section, it is declared: "No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the

residence of either the plaintiff or the defendant * * *." It has been held by the supreme court that suits falling within the last clause quoted—that is to say, suits in which jurisdiction depends solely upon the diverse citizenship of the parties—cannot be brought in the district of the residence of the plaintiff unless, where there is more than one plaintiff, all of the plaintiffs reside in the district, nor, unless all of the defendants reside in the same district, can suit be brought therein, because the statute does not confer the right to bring the suit in a district wherein a part only of the defendants reside. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303. One of the reasons assigned for that conclusion was that the court found, from the history of the legislation respecting the jurisdiction of the United States courts, a manifest purpose upon the part of congress, in passing the act of 1887, as corrected by the act of 1888, to restrict, rather than to enlarge, the jurisdiction of the circuit courts. The reasons which induced the court to hold that, in cases where the jurisdiction is founded only on the fact that the action is between citizens of different states, each plaintiff must be competent to sue, and, if there are several defendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained, would seem to apply with equal force to that clause of the act of 1887, as corrected by the act of 1888, which declares that "no civil suit shall be brought, before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant." That is to say, each defendant must be an inhabitant of the district in which he is sued, because the provision of the statute quoted expressly so declares; and, if this provision of the statute is the law which applies to and controls the present case, the result must necessarily be that the suit cannot be maintained in any district, because the defendants are inhabitants of different districts. Yet the suit was instituted by the attorney general pursuant to an act of congress approved March 3, 1887, entitled "An act to provide for the adjustment of land grants made by congress to aid in the construction of railroads, and for the forfeiture of unearned lands, and for other purposes" (24 Stat. 556), by which the secretary of the interior was authorized and directed to adjust, in accordance with the decisions of the supreme court, each of the railroad land grants made by congress to aid in the construction of railroads, and theretofore unadjusted, and by which the attorney general was, upon certain conditions, required to thereafter "commence and prosecute, in the proper courts, the necessary proceedings to cancel all patents, certifications, or other evidence of title heretofore issued for such lands, and to restore the title thereof to the United States." By the act last mentioned, congress was not providing for the bringing of suits in the absence of a law conferring upon the courts jurisdiction to entertain them, nor for the bringing of as many suits respecting the same land in as many different districts as there should be diverse claimants thereto. The act of August 13, 1888, as well

as that of March 3, 1887, conferring jurisdiction on the circuit courts, expressly, by the fifth section thereof, continued in force section 8 of the act of March 3, 1875 (18 Stat. p. 472), which provides as follows:

"That when, in any suit, commenced in any circuit court of the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks; and in case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district. And when a part of the said real or personal property against which such proceeding shall be taken shall be within another district, but within the same state, said suit may be brought in either district in said state; provided, however, that any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said circuit court, and thereupon the said court shall make an order setting aside the judgment therein and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law."

It is thus seen that by section 8 of the act of March 3, 1875, provision is made for the bringing in, by publication if necessary, in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real property within the district where such suit is brought, any one or more defendants, whether an inhabitant of the district or not, and thereafter, upon the failure of the defendant or defendants so served to appear, plead, answer, or demur within the time allowed, the court is empowered to entertain jurisdiction and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the district, provided, however, that such adjudication shall, as regards such absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein within such district. The jurisdiction thus conferred by section 8 of the act of March 3, 1875, and continued in force by the acts of 1887 and 1888,

grows out of the nature of the subject-matter, and is in addition to that conferred on the circuit courts by the first section of the acts of 1875, 1887, and 1888, the provisions of which do not apply to cases over which jurisdiction is otherwise conferred upon the federal courts by reason of the subject-matter. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221; In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587; Toledo, etc., R. Co. v. Pennsylvania Co., 54 Fed. 730. In Northern Indiana R. Co. v. Michigan Cent. R. Co., 15 How. 242, the supreme court said:

"Wherever the subject-matter in controversy is local, and lies beyond the limit of the district, no jurisdiction attaches to the circuit court sitting within it. An action of ejectment cannot be maintained in the district of Michigan for land in any other district. Nor can an action of trespass quare clausum fregit be prosecuted where the act complained of was not done in the district. Both of these actions are local in their character, and must be prosecuted where the process of the court can reach the locus in quo."

A suit to quiet title, the object of which is to reach and settle the title to land, where provision is made by statute for the bringing in of nonresident claimants, would also seem to be local in its nature. In respect to such suits, section 741 of the Revised Statutes provides:

"In suits of a local nature, where the defendant resides in a different district in the same state from that in which the suit is brought, the plaintiff may have original and final process against him directed to the marshal of the district in which he resides."

It is, however, strenuously contended by counsel for the defendants objecting to the jurisdiction of this court that a suit to quiet title is one in personam, strictly, and therefore embraced by the provisions of the first section of the act of March 3, 1887, as corrected by the act of August 13, 1888; and in support of this contention much stress is laid by counsel on the case of Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586. In the subsequent case of Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, the supreme court held that it is the established doctrine of that court that a state (and, of course, the United States) has power, by statute, to provide for the adjudication of title to real estate within its limits, as against nonresidents who are brought into court only by publication, and that it was not the intention of the court, in the case of Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586, to overthrow the series of cases affirming that power; on the contrary, that the court, in Hart v. Sansom, distinctly recognized it by saying, among other things, that:

"It would doubtless be within the power of the state in which the land lies to provide by statute that if the defendant is not found within the jurisdiction, or refuses to make or to cancel a deed, this should be done in his behalf by a trustee appointed by the court for that purpose."

And in Arndt v. Griggs it is added:

"Of course it follows that, if a state has power to bring in a nonresident by publication for the purpose of appointing a trustee, it can in like manner bring him in and subject him to a direct decree."

The court, in Arndt v. Griggs, cited and reviewed the cases upon the subject at length; among others, that of Boswell's Lessee v. Otis, 9 How. 336, where, said the court—

"Was presented a case of a bill for a specific performance and an accounting, and in which was a decree for specific performance and accounting, and an adjudication that the amount due on such accounting should operate as a judgment at law. Service was had by publication, the defendants being nonresidents. The validity of a sale under such judgment was in question. The court held that portion of the decree and the sale made under it void; but, with reference to jurisdiction in a case for specific performance alone, made these observations: Jurisdiction is acquired in one of two modes: First, as against the person of the defendant, by the service of process; or, second, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment beyond the property in question, and it is immaterial whether the proceeding against the property be by an attachment or by bill in chancery. It must be substantially a proceeding in rem. A bill for the specific execution of a contract to convey real estate is not strictly a proceeding in rem, in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service of process, it is substantially of that character."

If a bill for the specific execution of a contract to convey real estate is substantially a proceeding in rem, where, by statute, service of process in such suit may be had by publication, it would seem that a suit to quiet title to real estate is of the same character in cases where the statute authorizes a similar service. In the case of Pennoyer v. Neff, 95 U. S. 714, 727–734, in which the question of jurisdiction in cases of service by publication was considered at length, the court, by Mr. Justice Field, thus stated the law:

"Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract or lien respecting the same, or to partition it among different owners, or, where the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem. * * * It is true that in a strict sense a proceeding in rem is one taken directly against property, and has for its object the disposition of the property without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties where the direct object is to reach and dispose of property owned by them or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the state, they are substantially proceedings in rem, in the broader sense which we have mentioned."

The principle of these cases, in my opinion, sustains jurisdiction here, to the extent, at least, of settling the question of the title to the lands in dispute. Whether, should the facts warrant it, such decree may also include the injunction prayed for by the complainant, upon the ground that it is but incidental and ancillary to the principal relief sought, or under the principle that where jurisdiction is acquired against the person by the service of process, or by a voluntary appearance, a court of general jurisdiction will settle the matter in controversy between the parties, need not now be determined. The pleas and motions to dismiss are overruled.