HARLAN P. SYLVESTER *vs.* SARAH V. SYLVESTER.

Hancock. Opinion September 2, 1890.

*Real Action. Right of Entry. Life Estate and Remainder-man. R. S., c, 104, § 5.*

One entitled to an estate in remainder only, subject to an existing life estate in another, can not maintain a writ of entry against one rightfully in possession under the life estate.

To sustain such an action the plaintiff must not only prove that he has such an estate in the demanded premises as he claims, but he must also prove that at the time of suing out his writ he had a right of entry into the demanded premises. R. S., c. 104, § 5.

ON REPORT.

This was a real action to determine the rights of parties under the following provision in the will of Joseph W. Sylvester, deceased.

"1st. I give and bequeath to my beloved wife, Martha A. Sylvester, all of my real estate with all the appurtenances belonging thereto, to have and to hold during life or as long as she remains my widow. She is not to sell or dispose of the land or buildings unless in case of the death of all my children or extreme need." By the same provision he disposed of the remainder to such of the children as should be living at the time.

The widow, December 12, 1868, by quit-claim conveyed the premises claimed in this suit to Joseph H. Sylvester, her son,

who by his deed of December 22, 1873, conveyed them to the defendant, Sarah V. Sylvester. The defendant, also, claimed title by a deed from George M. Warren, to her, dated September 1, 1883, he having title by virtue of a levy and sale on execution issued upon a judgment against said Martha. The plaintiff claimed title by a deed from Martha A. Sylvester, to him, dated March 18, 1885. This deed of the said Martha purports, in express terms, to be given for the purpose of fully and completely executing the power vested in her, by said will, to sell and dispose of the land.

There were four children, all of whom are still living, and the widow remains unmarried.

By the agreement of counsel the court was requested to determine the respective estates of the parties to the property in question, in addition to the decision of the case, &c.

The view taken by the court and its disposition of the action renders a further report of facts, touching the rights of the parties under the last named deed, unnecessary.

*C. E. Littlefield,* for plaintiff.

Martha A. Sylvester, took a life estate under the will with power to sell expressly confined to the fact of her being in " extreme need." *Hall* v. *Preble,* 68 Maine, 100; *Warren* v. *Webb, Id.* 133; *Paine* v. *Barnes,* 100 Mass. 470; *Hoyt* v. *Jacques,* 129 *Id.* 286. Questions of fact to be determined are: first, was said Martha in a condition of "extreme need," December 12, 1868, and if not; second was she in such condition March 18, 1885. The first deed, an ordinary quit-claim, indicates no intention by the parties to execute the power conferred upon the grantor by the will. It conveyed only a life estate, and is not a sufficient execution of the power, &c. *Dunning* v. *Vanduzen,* 47 Ind. 423, (S. C. 17, At. Rep. 709;) *Brown* v. *Phillips,* 18 At. Rep. (R. I. 1889). It contains no reference to the will by which the power is given. The facts show that the grantor was not then in such a condition of "extreme need" as to justify or authorize a conveyance of the fee. If the deed were adequate in form for that purpose, it

could not have such effect unless the intention was mutual. Grantor not the sole judge of the question of necessity for a sale. *Stevens* v. *Winship*, 1 Pick. 325-6-7; *Larned* v. *Bridge*, 17 *Id*. 342, approved in *Warren* v. *Webb*, 68 Maine, p. 136. Whether a power has been executed is wholly a question of intention to be gathered from all the facts and circumstances. *Sewall* v. *Wilmer*, 132 Mass. 131.

*A. P. Wiswell*, for defendant.

The action can not be commenced until plaintiff's right of entry has accrued, and he must also have the exclusive right of possession. Chit. Pl., title, Ejectment. R. S., c. 104, § 5. The quit-claim of December 12, 1868, given seventeen years before the deed to plaintiff, under our statutes conveyed all the grantor's interest, (R. S., c. 75, § 5,) and a sufficient execution of her power under the will. *Hall* v. *Preble*, 68 Maine, 100. She is the sole judge of the question whether the necessity of disposal had arrived or not. *Richardson* v. *Richardson*, 80 Maine, p. 591; *Ramsdell* v. *Ramsdell*, 21 *Id*. 288; *Shaw* v. *Hussey*, 41 *Id*. 495; *Warren* v. *Webb*, 68 *Id*. 133; *Hale* v. *Marsh*, 100 Mass. 468. The remedy of remainder-men, in case there was fraud, is in equity. *Copeland* v. *Barron*, 72 Maine, p. 211; *Richardson* v. *Richardson*, *supra*. She was in a condition of "extreme need" in 1868. This question to be determined by what she then thought, said and did; not by what she now says, &c. We, also, have title under a sale upon judgment of October 20, 1882. Deed of March 18, 1885, to plaintiff is invalid; it was made not for her support, &c., but for the purpose of attemping to defraud the defendant.

WALTON, J. This action is not maintainable. One entitled to an estate in remainder only, subject to an existing life estate in another, can not maintain a writ of entry against one rightfully in possession under the life estate. To sustain such an action the plaintiff must not only prove that he has such an estate in the demanded premises as he claims, but he must also prove that at the time of suing out his writ, he had a right of

entry into the demanded premises. R. S., c. 104, § 5. This he can not have while another is rightfully in possession under an unexpired life estate.

The evidence in this case shows that Martha A. Sylvester, (who is still living) by virtue of her husband's will, had a life estate in the demanded premises. And it is claimed that the will also gave her power to sell the remainder in case of extreme need. But the view we take of the case renders this latter proposition immaterial; for whether she had a power to sell the remainder or not, she was undoubtedly possessed of a life estate which she could sell at her own will and pleasure. And the evidence shows that in 1868, she executed a quit-claim deed of all her right, title, and interest in the demanded premises to her son, Joseph H. Sylvester, and that he subsequently conveyed the same to his wife, who is the defendant in this suit.

The evidence tends to show that the conveyance by Martha, was made to protect the property from attachment; but this is immaterial; for the plaintiff is not an attaching creditor, nor does he claim through an attaching creditor. As against this plaintiff, the effect of the conveyance by Martha to her son Joseph, and by the latter to his wife (the defendant,) was to vest in the latter the life interest of Martha, and entitle her to the possession of the demanded premises so long as Martha should live. And if it be true, as the plaintiff claims, that he is entitled to the remainder, his right of entry will not accrue till the life estate expires; and till then, a writ of entry by him can not be maintained to obtain possession of the premises. This view of the case renders it unnecessary to determine who will have the better title and be entitled to the possession of the demanded premises when the life estate expires; and upon that question we express no opinion.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.