ELIZABETH K. BOOTH and C. W. BOOTH, her husband,
*v.* VITO N. BAKER and ELIZA K. BAKER.

QUESTIONS RESERVED BY CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPT. 24, 1896.                  DECIDED DEC. 15, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A devise to E. of the benefits of the testatrix's property during her
(E.'s) life, and that E. is not to dispose of the property to any one,
and if E. should have a child then the property shall go to such
child:

Held, to be a devise to E. for life with a contingent remainder to her
children.

After the testatrix's death E. married and had a child, who died: Held,
on the birth of the child the contingent remainder became vested,
and on the child's death it went to the heirs, who are by the statute
its father and mother, as tenants in common.

The second article in the will reads: "If E. should die without children
or descendants, then all my property shall descend to V. N. and
E. K., the younger sisters of E."

Held, the remainder was not to the first born child of E., and nothing
in the will appears to show that the intention of the testatrix was
not to include all the children of E. that might be born. The
remainder is subject to open and let in such after born children.

The limitation over to V. N. and E. K. was defeated by the birth of
E.'s child.

No estate in perpetuity or estate tail is created in E. by this will.

OPINION OF THE COURT BY JUDD, C.J.

The testatrix, Malie Kahai, died on the 15th August, 1894,
having made a will the previous year by which she devised

and bequeathed all her property, real and personal, to her beloved niece, Elizabeth Kahalelaukoa Baker, as an estate descendible to her children and her descendants in a direct line, Elizabeth to receive $30 a month during her minority and "on attaining her majority to have all the benefits of the land during her lifetime, but she is not to dispose of any of the real or personal property to any one, and if she should have a child during her lifetime then all my property, real and personal, shall go to such child."

"If Elizabeth should die without children or descendants, then all my property shall descend to Vito N. Baker and Eliza K. Baker, the younger sisters of the said Elizabeth." Some specific bequests and the nomination of an executor follow.

Elizabeth married C. W. Booth on the 31st December, 1894, and a child was born to them on the 14th October, 1895, which lived but one day and deceased. On a bill for a construction of the will, Circuit Judge Perry of the First Circuit Court, reserved the following questions of law:

"1.   What estate, legal or equitable, has Elizabeth K. Booth, nee Baker, in the property, real and personal, devised and bequeathed under the will of Malie Kahai, the said Elizabeth K. Booth having attained majority, married and had issue of the said marriage now deceased?

2.   What estate, legal or equitable, vested or contingent, have the defendants, or either of them, in the said property under the said circumstances?

3.   Was an estate in perpetuity created in said real estate by the will of Malie Kahai, and if so was its effect to vest the estate absolutely in Elizabeth K. Booth?

4.   If Elizabeth K. Booth has an estate tail in said real property can she bar her entail by a proper deed made for that purpose?

5.   Under clause second of Malie Kahai's will can any title in the real estate vest in any child or descendants of Elizabeth K. Booth until the decease of the said Elizabeth K. Booth?"

Our construction of the will is as follows:

Bearing in mind that the intention of the testatrix must govern (*Thurston v. Allen*, 8 Haw. 401), we find that an estate for life in the real and personal estate was created in Elizabeth. The language used is inartificial, but the expression that Elizabeth is to have "all the benefits of the land during her lifetime and is not to dispose of any of the real or personal estate" sufficiently conveys the testatrix's intention to create only a life estate in Elizabeth. Where would the property go upon the termination of the life estate? The will says if Elizabeth should have a child the property, real and personal, shall go to such child. No child of Elizabeth was *in esse* at the time of the death of the testatrix. The unborn child or children of Elizabeth have then a contingent remainder in fee in the estate. 2 Wash. R. P. p. 541 (4th Ed.) But the contingent remainder became a vested one in the child as soon as it was born. The vested remainder here is one of inheritance and on the death of the child it passed to its heirs who are by our statute of descent, its father and mother (the plaintiffs) as tenants in common.

But the will does not limit the remainder to the first born child. In the second article of the will, the limitation over to the defendants is only to take effect at the death of the life tenant without "children or descendants." This contemplates that the remainder is to be in such *children* as might thereafter be born to Elizabeth.

The birth of Elizabeth's child defeated the limitation over to the sisters of Elizabeth, defendants. But there may be other children born of Elizabeth. There is nothing in the will to show that the testatrix did not mean to include all the children of Elizabeth. *Doe v. Perryn*, 3 T. R. 484, is in point. In this case the will in effect left the estate to Dorothy for life and then to her children and heirs forever, with limitations over, Dorothy had no child at the death of the devisor and her children were born thereafter. Ashhurst, J., said, p. 493, "Wherever

a fee is created by positive words in a will, it can only be defeated by subsequent words equally plain or by necessary implications. The operation of this will is that the limitation to Dorothy's children was contingent till they were born; but it became vested on the birth of the first child, subject, however, to be diminished in quantity as other children of Dorothy should be born. And on the birth of the first child, the subsequent limitations were defeated. In *Right v. Creber*, 5 B. & C. 866, the estate was devised to the testator's daughter Joan for life and from and after her death to the heirs of the body of Joan, share and share alike, their heirs and assigns forever. Joan had one child, Richard, at the death of the testator, but had eleven more thereafter. The court held that in this will "heirs of the body" would mean "children" and would comprehend grandchildren, and that Richard took a vested remainder, subject to open and let in the children subsequently born, and the remainder was not limited to those who were living at the determination of the life estate of Joan. See also *Doe v. Considine*, 6 Wall. 477; *Carver v. Jackson*, 4 Pet. 90; *Adams v. Ross*, 30 N. J. L. 513.

The estate of Elizabeth K. Booth in the property is one for life, and the remainder is in her and her husband as tenants in common, subject to open to let in other children of Elizabeth that may be born hereafter.

Our answer to the second question is that the defendants have no interest in the property, for the birth of Elizabeth's child defeated the limitation to them.

The third and fourth questions we answer together. No estate in perpetuity is created in Elizabeth in the property by the will of Malie Kahai and Elizabeth does not have an estate tail in the property.

The fifth question is answered by our reply to the first.

We wish to observe that there is no authority, statutory or otherwise, for the reservation of questions to this court by a Circuit Judge sitting in equity at chambers. The proper course

would be to obtain a decree from the judge and appeal. But as this power of reservation seems to have been assumed by the parties to exist we have not thought it advisable to dismiss the case on that ground but have considered the question involved. We shall not consider ourselves bound by our action in this case as a precedent.

*Magoon & Edings*, and *Kinney & Ballou*, for plaintiffs.

*C. Creighton*, guardian *ad litem*, for minor defendants, *contra*.