IRENE HAALOU II BROWN, a married woman, and GEORGE II BROWN and FRANCIS HYDE II BROWN, minors, by their next friend, A. F. JUDD, and A. F. JUDD and SANFORD B. DOLE *v.* CHARLES A. BROWN.

RESERVED QUESTIONS OF LAW.

SUBMITTED APRIL 9, 1897.        DECIDED MAY 4, 1897.

WHITING, J., AND MESSRS. W. R. CASTLE AND P. NEUMANN, OF THE BAR, IN PLACE OF JUDD, C.J., AND FREAR, J., DISQUALIFIED.

1. A devise, in these words, "all my property both real and personal shall descend to my heirs who are mentioned below as follows: Airene Haalou Ii my own daughter is the first heir as follows:" (Here follows a description of specific real property), devises an estate in fee simple unless there are subsequent directions in the will expressly qualifying the estate devised.

2. The subsequent direction that should my daughter die having borne children then the property shall descend to her children and should she die without having had any children the property shall descend to her own mother, is not a limitation which lessens the estate in fee simple.

3. The direction in the will appointing executors, etc., in the words, "they both to be my executors and guardians of the person and property of my daughter, the first devisee mentioned in this will,

all the income from the lands that are leased and all other receipts
from all the lands of my daughter, they shall have the sole care of
it all until she comes of age or has children of her own; they shall
be the executors during the lifetime of my daughter and her chil-
dren," invests the appointees with a trust which terminates upon
the devisee attaining the age of majority or having children of her
own.

OPINION OF THE COURT BY P. NEUMANN, ESQ.

This is a suit brought by plaintiffs to obtain a decree of the
construction of the will of the father of Mrs. Irene Haalou
Ii Brown and grandfather of her children.  The will under
which the executors and guardians entered upon and continued
to execute the trust committed to them is in these words: (as
much as is necessary for understanding the decision only is
inserted).

"Before Almighty God, Amen.

"I, John Ii of the City of Honolulu, Island of Oahu, Hawai-
ian Islands, have made and am now making my will and do
declare publicly that this is my last will and testament;

"After paying all my debts, all my property both real and
personal shall descend to my heirs who are mentioned below
as follows:

"First.   Airene Haalou Ii my own daughter is the first
heir as follows: (a list of lands follows, and one-half of all my
personal property).

"Second.   My wife Maria Ii is my second heir.

"(Devising certain lands), and one-half of all my personal
property and in case my wife marries again these lands shall
descend to my daughter, she cannot bequeath them to any one.

"Third.   My kaikaina J. Komoikehuehu is the third heir.

       *       *       *       *       *       *       *       *

"By this will of mine I have appointed and I do hereby
appoint J. Komoikehuehu, A. F. Judd, they both to be. my
executors and guardians of the person and property of my

daughter, the first devisee mentioned in this will. All the income from the lands that are leased and all other receipts from all the lands of my daughter they shall have the sole care of it all until she comes of age or has children of her own: they shall be the executors during the lifetime of my daughter and her children and carry out my wishes as expressed in this will, and they shall receive compensation the same as provided by law."

"And my executors shall place my daughter in some suitable place where she may be educated in both languages, and my child must be brought up in the path of rectitude, and the first fruits received from the lands of my daughter, that is the money received, there shall be taken therefrom ten cents from each dollar which is set apart as an offering to God's Kingdom, the same as I have done. And my executors are to carry out this request of mine."

"And further, if my daughter should die, having borne children, then the property shall descend to her children and if she should die without having had any children the property shall descend to her mother, and if she should be dead then the property shall descend to my brother J. Komoikehuehu."

The following questions of law were reserved by the court below and certified to this court for its decision:

1. Was a trust created in the property devised to Irene Ii by the will of her father John Ii?

2. If such a trust was created is the trust still in force Irene having married, attained majority and had issue of said marriage, which issue still survives?

3. If such a trust still exists is the interest of Irene Ii Brown under the same absolute or for life only?

4. If such trust still exists is it such a trust that the court will upon the proper motion order an immediate conveyance of the property to Irene Ii Brown?

5. Has Irene Ii Brown a fee simple title in said property or is her estate one for life only?

6.   Was an estate in perpetuity created by said will and if so was its effect to vest the estate absolutely in Irene Brown?

7.   If there are any remainders in said property are they vested or contingent and in what person?

8.   What legal and equitable estates have the several parties plaintiff and defendant under the will of John Ii and the circumstances shown by the pleadings and evidence?

The first question must be answered in the affirmative.   A trust in the property devised to his daughter was created by the will of the testator.

As to the second question, the court decides that upon the marriage and attaining majority of the devisee the trust became extinct.

The third and fourth questions require no answer in view of the conclusion at which this court arrives in its consideration of the second question.

In answering the fifth question the court concludes that Irene Haalou Ii Brown has an estate in fee simple in the property devised to her by her father's will.

Upon this point the case of *Hemen v. Kamakaia*, decided (10th Haw. p. 547) December 15, 1896, is conclusive.   In the case cited the court say:   "It is everywhere held that words of inheritance are not necessary in a will to carry the fee."   This view is further supported by the decision in the case of *Fowler et al v. Duhme et al.*, 42 N. E. Reports, p. 631.

\*     \*     \*     \*     \*     \*     \*     \*

"The testator's intention to name a contingency to happen after his death, to effect the estate devised to the first taker, must appear distinctly from the clear and consistent language of the whole will."

Aside however of other considerations and following again the decision in the case of *Hemen v. Kamakaia;* by the provisions of this will the birth of a child has made the estate vested in the daughter Irene an indefeasible estate in fee sim-

ple. (It is an admitted fact in this cause that a child and children have been born to Irene Ii the devisee).

The decision of this court upon the preceding questions reserved renders it unnecessary to answer specifically the questions numbered 6, 7 and 8.

The will contains provisions that the executors and guardians shall have the sole care of the income, and "of it all until she comes of age or has children of her own." In those words lies the termination of the functions of the executors or guardians or trustees, nor does the immediately following sentence: "they shall be the executors during the lifetime of my daughter and her children," or the direction: "and they shall receive compensation the same as provided by law," change the view of this court that the functions of the trustees ceased upon the devisee's attaining the age of majority or having children of her own.

It is claimed by the plaintiffs that the bequest of the testator of tithes to the Kingdom of God, creates an active and continuing trust; it is not at all clear that that bequest has such an import. On the contrary the language of the will shows an intention of the testator to bequeath a fixed sum of one-tenth of the income from the devisee's lands to charitable purposes; but not an intention of creating a perpetual trust. The functions of the trustees in that respect ended with the extinction of the trust, that is, when the devisee Irene Haalou attained the age of majority.

The construction of a will should be such as to give effect to the intention of the testator. In the will before the court, the context demonstrates that the testator intended to vest an estate in fee simple absolute in his daughter Irene, limited only as to the time when the right to control the estate was to take effect; by the provision that the executors or guardians were to have charge of the estate until the devisee attained the age of majority or had children of her own.

In the very next clause of the will, property is devised to the surviving widow "durante viduitate," with remainder over to the daughter Irene, and with an express prohibition of the widow's bequeathing the property devised, to any one. If the testator had intended to limit the devise to the daughter to a life estate, he would have clearly expressed such limitations in the will. The absence of any such definite expression makes the rule applicable that an estate in fee and not for life was granted.

The learned counsel for plaintiffs, in concluding their brief do earnestly contend that the last clause of the will reading: "if my daughter should die having borne children then the property shall descend to her children, and if she should die without having had any children, the property shall descend to her mother," etc., shows that the daughter had a life estate only with remainder to issue, and issue failing, to the mother.

This Court must repudiate that view. The clause in the will carries no other meaning than that in the event of the daughter's decease having no issue, the mother became the devisee; that the daughter surviving the testator took under the devise to her, and that the estate became, after she bore a child, or children, vested in her as an estate in fee simple.

The Court referring to the case of *Booth et al. vs. Baker et al.* (10th Haw. p. 543), decided December 15, 1896, intimates that it follows the dictum therein, and though it has consented to decide the questions reserved in this cause, does not wish to establish thereby a precedent for reserving questions in a cause in equity.

*Kinney & Ballou*, for plaintiffs.

*J. A. Magoon, W. S. Edings, Cecil Brown, L. A. Dickey, A. S. Humphreys* and *F. M. Hatch*, for defendant.