C. M. HYDE, S. M. DAMON, J. O. CARTER and W. F. ALLEN, Trustees, *v.* W. O. SMITH, Attorney-General.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 28, 1898.   DECIDED OCTOBER 11, 1898.

JUDD, C.J., WHITING, J., AND CECIL BROWN, ESQ., IN PLACE OF FREAR, J., ABSENT.

Where the will provides that the trustees shall have "the most ample power to sell and dispose of any lands" and "generally to make such investments as they consider best," and that "said trustees shall not sell any real estate" but to "continue and manage the same unless in their opinion a sale may be necessary for the establishment or maintenance of said schools (the Kamehameha Schools) or for the best interest of my estate;"

*Held:* the trustees in the exercise of a sound discretion as to the best interest of the estate may sell lands without application to a court of equity for permission so to do.

OPINION OF THE COURT BY WHITING, J.

Appeal by defendant from a decree in equity from a judge of the First Circuit Court.

The decision of Circuit Judge Stanley contains ı statement of the case and his conclusions, which we adopt:

"The petition in the above entitled cause sets forth:—that the petitioners are, together with the defendant, the acting trustees under the will of Bernice Pauahi Bishop, deceased December 2, 1884; that as such trustees they are seized and possessed in trust of certain property described in certain deeds enumerated in the petition, copies of which are thereto attached in Exhibits B., C., D., E., F., G. and H.; that they have heretofore whenever it was believed by them to be for the best interest of the estate of said Bernice Pauahi Bishop, sold or exchanged the real estate devised by said will or conveyed by sundry of the said deeds and have re-invested the proceeds thereof upon the trusts declared by said will, without application to a court of equity and without authority other than conferred upon them by said will and said various deeds of trusts; that they anticipate that they will have occasion in the future to sell and dispose of lands and re-invest the proceeds as heretofore and they accordingly pray for a declaratory decree as to whether or not they have the authority to do so without first making application to this Court.

"The defendant, the Attorney-General of the Republic, as representing the beneficiaries of the said trust and the public interest, answering the petition denies the petitioners' right to sell or exchange the real estate held by them upon the said trusts without authority from the court.

"An examination of the various deeds recited in the petition and exhibited therewith will show that the lands conveyed there-

by are to be held by the petitioners in accordance with the trusts created by the will of said Bernice Pauahi Bishop, the trustees being vested with all the powers and subject to all of the restrictions set forth in the said will and codicils (see Exhibit G.) as fully as if the said premises had been devised to said uses by said will. The construction of the will will therefore render unnecessary any further construction of the various deeds.

"The authority which the petitioners have exercised in the past, and claim to possess now is to be found, if at all, in the seventeenth section of the first codicil of the said will; the material portions of which reads as follows:

" '17th. I give unto the trustees named in my will the most ample power to sell and dispose of any lands or other portions of my estate, and to exchange lands and otherwise dispose of the same; and to purchase land, and to take leases of land whenever they think expedient, and generally to make such investments as they consider best; * * * * and I further direct that my said trustees shall not sell any real estate, cattle ranches or other property, but to continue and manage the same unless in their opinion a sale may be necessary for the establishment or maintenance of said schools, or for the best interest of my estate. * * * * And I give unto my executors named in my said will full power to sell any portions of my real estate for the purpose of paying debts or legacies without obtaining leave of court; and to give good and valid deeds for the same, the purchasers under which are not to be responsible for the application of the purchase money.'

"In my opinion this section gives the trustees discretionary power in regard to the sale of the real estate belonging to the estate. The testatrix, I think intended that this power should be exercised without the intervention of a court of equity. The language used is very forcible. The trustees are given '*the most ample powers*' to sell, dispose of, exchange, lease and purchase lands '*whenever they think it expedient,*' and generally to make investments '*as they consider best.*'

"Such ample discretionary powers being given to the trustees, the testatrix proceeded to enlarge the powers of her Executors, (see latter part of Section 17), authorizing them to sell any portion of the real estate for the purpose of paying debts or legacies without obtaining leave of court.

"I therefore find that by the will of Bernice Pauahi Bishop, the trustees acting thereunder are vested with a discretion to act in regard to the sale and disposal of land, devised or conveyed to them whenever it appears to them expedient and for the best interest of the estate; that they are under no obligation to apply to a court of equity for permission so to do; and that a court of equity should not intervene unless it is made to appear that the trustees are abusing the discretionary powers vested in them."

We are of opinion that the decision of the Circuit Judge is sound and the construction of the will is the proper one. In support of this construction, the cases of *Penniman v. Sanderson*, 13 Allen 193, and *Eldredge v. Herd*, 106 Mass. 579, may be cited.

The case of *Penniman v. Sanderson*, 13 Allen 193, is especially well considered and clearly contains the principle upon which the case at bar depends. That case was a bill in equity brought by the beneficiaries of a trust to have certain lands sold by the trustees to be charged with the trust. A devise had been made by the original owners of the property to two trustees to manage the estate, pay certain legacies and to provide for the deviser's family. The will which created the trust contained the following clause:—

"I give to the trustees and trustee acting for the time being for the performance of this my will full power and authority to make sale of the whole or any part of my real estate if such sale becomes necessary or expedient for the purpose of raising any of the sums of money hereinbefore mentioned and bequeathed and to execute to the purchaser or purchasers thereof any and all such deeds or conveyances as may be requested to pass a good and valid title in the parts so sold."

There is no mention in the deed of the desire on the part of the testator that the trustee should be free from any supervision of the court in making these sales. After the death of one of the two trustees appointed the remaining trustee sold a portion of the realty belonging to the estate. Several of the beneficiaries were minors and in accordance with the established practice of Massachusetts leave of the Probate Court was first obtained to part with the interests of the minors. This, however, has no bearing upon the principal part of the case. The grantee to whom the trustee sold the land was fully informed of the title owned by his grantor and also had notice of the claims of the beneficiaries. The principal question in the case was whether there had been a breach of the trust by a sale of this land. It was contended by the trustee and the defendant in the case that the proceeds of the sale of the land were to be devoted to the object of paying the legacies provided for in the will. In answer to this contention the beneficiaries show that there was sufficient personality in the possession of the trustee to meet the necessities of expenditure; but the Supreme Court held that the discretion which had been given under the above quoted clause in the will was an extensive one, that the trustee had been given the power to decide when it was "necessary" or "expedient" to convert land into money and with this fund pay off the legacies and other grants provided for in the will. The Court says:—

"In construing this last extract from the will we are to determine what was meant by "necessary" and what by "expedient." It might be said that a sale of real estate could not be necessary to raise the sums of money bequeathed by the will if they could be raised from any other source, and as the personal estate appears to have exceeded the amount required, the necessity contemplated did not exist, but the trustees are also allowed to sell whenever a sale becomes expedient and this gives them a much wider latitude. There is no other test of the expediency described by the testator than the sound discretion and judgment of the trustees. Undoubtedly they were bound to exercise such a discretion, and cases might be supposed in which a court of

equity would intervene to prevent a manifest abuse of it, but if the sale was made for the purpose of raising any of the sums of money bequeathed in the will, if it was honestly and fairly made and in the opinion of the trustees was an act which would benefit the parties interested in the execution of the trust they were justified in making it. It had then become *expedient* within the meaning of the will. To give this phrase any force it is clear that it must be held applicable to causes where the money was not actually and absolutely needed for the payment of legacies."

In the case of *Eldredge v. Herd*, 106 Mass. 579, there was a petition for a decree of the court of equity to compel a sale of land by trustees under a will. The will contained this clause:

"I give my said trustees and their successors and any person acting as trustee under this will full power and authority to sell any and all real estate of which the trust premises shall be at any time composed and to make any and all deeds and do any and all acts necessary or proper for carrying into full effect any and all such sales."

The petition set out that a certain piece of real estate owned by the trust estate was unoccupied and unimproved and produced no income except $100 a year; that the petitioner had requested the trustees to sell this lot and offered to pay a large price for it. It was also shown that the lot had risen in value to about $25,000. But the Court said:—

"The will reposes a discretion in the trustees in regard to the sale of real estate they have exercised that discretion against a sale. There is nothing to show that they have exercised it improperly or unwisely."

Appeal dismissed.

*Kinney & Ballou* for plaintiffs.

*E. P. Dole, Deputy Attorney-General,* for respondent.