## S. AHMI *v.* JAMES ASHFORD and A. V. MARCIAL.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 4, 1899.              DECIDED MAY 4, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

A grant of a remedy at law by a statute which is merely permissive does not exclude or abrogate a similar remedy previously existing in equity.

A subsequent vendee is not a proper party to a suit in equity by a prior vendee against the common vendor to recover the first deed.

### OPINION OF THE COURT BY FREAR, J.

The allegations in the bill are substantially as follows: In October, 1897, the defendant James Ashford executed and delivered to the plaintiff a deed of conveyance of certain parcels of land in Wailuku, Maui, known as the "J. B. Kanana" lands theretofore owned by the said Ashford. The consideration was $2200. Five hundred dollars were paid in cash and the remaining $1700 secured by plaintiff's mortgage. At defendant Ashford's request, the deed was placed in his hands to send to Canada for the purpose of procuring his wife's release of dower. The deed was never returned to the plaintiff and is not recorded. On December 8, 1897, the defendant Ashford wrote to plaintiff stating that it was out of his power to complete the sale of the Kanana property to him, for reasons asserted, and tendered the $500 received and plaintiff's note for the balance. These were refused. On that date Ashford executed and delivered to the other defendant, A. V. Marcial, a deed of conveyance of this

land, for the consideration of $2500. This deed was duly recorded. The grantee had actual notice of the prior conveyance.

The prayers of the bill are (1) that defendant Ashford be ordered to surrender to the court the deed executed by him to plaintiff in order that it may be recorded in the registry of public conveyances. (2) That defendant A. V. Marcial be ordered to surrender to the court for cancelation the deed made by Ashford to him. The defendant Ashford made no answer and the bill was decreed to be taken as confessed, &c. The defendant Marcial demurred to the bill, which demurrer was sustained and the bill dismissed on the ground that plaintiff has a complete and adequate remedy at law against defendant Marcial by an action of ejectment, if he (the plaintiff) is not in possession, or by the statutory action to quiet title if he is in possession.

It does not appear whether the plaintiff is in possession or not. If he is not, it is clear that he cannot come into equity, for he has an adequate remedy at law by an ordinary action of ejectment, as held by the circuit judge. But if he is in possession, even though he may have an adequate remedy at law by the statutory action to quiet title, it does not follow that he cannot come into equity. For, the statutory remedy is merely permissive and does not exclude or abrogate the remedy, if any, previously existing in equity. 1 Story, Eq. Jur. Sec. 80; 1 Pom. Eq. Jur. Sec. 182; *Harrington v. Utterback,* 57 Mo. 519; see also *Kahoiwai v. Limaeu,* 10 Haw. 507. Therefore, so far as this ground of demurrer alone is concerned, if equity would have had jurisdiction but for the statute, it would still have it, and the demurrer should have been sustained, as it was, because the bill did not show that plaintiff was in possession, but it should have been sustained with leave to the plaintiff to amend, if he could, by alleging that he was in possession, and not, as was done, with the dismissal of the bill forthwith.

But might not the demurrer have been sustained and the bill dismissed forthwith upon some other ground. There were two other grounds of demurrer. One was misjoinder of parties. Plaintiff's counsel in argument assumed that this suit was, or was

analogous to, one for specific performance, and that therefore, leaving out the question of the cancelation of Marcial's deed entirely and regarding the bill as one solely to compel the delivery of the other deed by Ashford, still Marcial ought to be a party on the ground that he took his deed with notice. If this were a bill for specific performance this reasoning might be sound, because in such case something might be required to be done by Marcial, as the execution of a deed by him to the plaintiff, his taking with notice being considered as making him in a certain sense a trustee for the plaintiff. See 1 Story, Eq. Jur. Sec. 784; Fry, Spec. Perf. Sec. 135; 1 Dan.; Cr. Pl. & Pr. 231 and notes. But this is not a bill for specific performance. It is a bill for delivery of a deed. Nothing is required to be done by Marcial so far as this deed is concerned. Marcial is not a necessary or a proper party as to this part of the bill. It is not contended, and we presume properly so, that Ashford is a proper party as to the other part of the bill. Therefore we have here two distinct matters, one against Ashford and one against Marcial, each of which might be the subject of a separate suit, neither defendant being a proper party to a suit for the relief sought against the other. Perhaps multifariousness would have been the better ground upon which to have taken advantage of this error. But misjoinder of parties may cover it, at least it was assumed in argument that it did. On this ground the bill should be dismissed as to defendant Marcial.

The decree appealed from dismissing the bill as to defendant Marcial is affirmed.

*J. M. Kaneakua* and *J. L. Kaulukou* for plaintiff.

*C. Brown* for defendant Marcial.