GEORGE II BROWN and FRANCIS HYDE BROWN,
Minors, by their Next Friend, Albert F. Judd, *v.*
CHARLES A. BROWN, JOHN A. MAGOON and
IRENE II HOLLOWAY.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 24, 1903.     DECIDED NOVEMBER 21, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A devisee and her husband formed a corporation and conveyed all their
lands to it through a trustee and stock was issued to her, her
husband and her children respectively. Held, that, assuming that
she took only a life interest and that her children took remainders
in fee by the devise, the latter were not entitled to have the con-
veyances set aside or to have the stock that was issued to the hus-
band and wife transferred to a trustee to pay the income to the
husband and wife for her life and at her death to assign it to the
plaintiffs, even though the husband and wife claimed to have con-
veyed the fee, inasmuch as, for one reason, the husband and wife
purported to convey only their interests, whatever they were.

The Supreme Court had previously decided that the first devisee took
the fee under the will, but the children asked to have that decision
declared void as to them on the grounds, (1) that the court was
composed in part of two substitute members, although, as con-
tended, the Constitution allowed only one substitute, (2) that it
rendered the decision on questions reserved by a Circuit Judge at
chambers, although the statute allowed questions to be reserved
only by a Circuit Judge in court, (3) that it could not as a court
of equity go on and construe the will as to the quantity of estate
devised after construing it to the effect that a trust created by it
had terminated, and (4) that the rights of the plaintiffs who were
infants could not be waived by their next friend. Held, that the

decision was not absolutely void and could not be collaterally attacked even by the infants, and so could not be declared void as to them, even if equity could declare void or even enjoin the enforcement of a decision that was absolutely void on its face.

## OPINION OF THE COURT BY FREAR, C.J.

This was originally a bill to declare a trust and for other incidental relief. It was alleged in substance that the defendants C. A. Brown and Irene I. Holloway, who were formerly husband and wife and are the parents of the plaintiffs, conveyed certain lands claimed to have come to the wife under her father's will to a trustee to convey the same to a corporation to be formed; that the corporation was formed and the property conveyed to it; that one-third of its capital stock is held by the said Irene in the name of A. W. Carter, one-third by said Carter as trustee for the plaintiffs and the remaining third by said Brown, except as to one share, which is held for him by defendant Magoon; that certain proceedings were had in court, before said conveyances were made, in which it was decided that the said Irene owned said property in fee (See *Brown v. Brown,* 11 Haw. 47), but that said decision was void for want of jurisdiction, and that the said Irene had only a life estate; and therefore it was prayed that the said defendants be required to assign the stock held by them to a trustee in trust to pay the income of 500 shares thereof to said Irene for life and of another 500 shares to the said Brown for the life of the said Irene, and at her death to assign all of the said shares to the plaintiffs absolutely. The defendants Brown and Magoon demurred and the defendant Irene answered. The Circuit Judge sustained the demurrers on the ground that it was immaterial whether Irene took only a life estate or not, inasmuch as she and her then husband purported, as shown by the copy of the deed which was made a part of the bill, to convey only the lands belonging to them and their right, title and interest by curtesy, dower or otherwise in the lands of each other, &c., and did not attempt to convey any lands belonging to their children, the plaintiffs, even if the latter had the remainder in fee in the

lands in question. In this we concur and so need not consider the remaining thirteen grounds of demurrer.

The plaintiffs then amended their bill, upon leave granted, by alleging in substance that the parties to said conveyances claim that they conveyed the fee, that ownership in fee is claimed and exercised by the corporation, that the stock of the corporation was issued on such claims and represents the value of the fee, and that the defendants claim that the said decision is conclusive on the plaintiffs; and also that in consequence of said decision the plaintiffs have been deprived of trustees as provided under the will, whose duty it would be to preserve the plaintiffs' rights as remaindermen and otherwise protect their interests; and by praying that the said decision and conveyances be declared of no effect as against the plaintiffs. The defendants again demurred and answered respectively; the demurrers were sustained and a decree entered dismissing the bill. The plaintiffs appealed.

It is obvious, as held by the Circuit Judge, that the amendments to the bill do not alter the result in so far as this may be considered a bill to declare a trust. The mere fact that the defendants claimed that Irene received the fee under the will assuming that she really had not, would not justify a decree that she did receive it or convey it or that the defendants should convey it or the stock, which might represent it if she or they had received it, to a trustee.

The further question remains, whether the bill should now be sustained on the theory that it may be considered a bill to remove a cloud. The Circuit Judge held that equity could not give the desired relief because the plaintiffs were out of possession and so had a remedy at law—under the statutory action to quiet title. Ejectment of course would not lie because as remaindermen the plaintiffs would not have a right of immediate possession. *Sylvester v. Sylvester,* 83 Me. 46; *Turner v. House,* 199 Ill. 464. And the statutory remedy to quiet title does not prevent the remedy in equity. *Ahmi v. Ashford,* 12 Haw. 12.

The alleged clouds are the conveyances and the decision—which it is sought to have declared invalid as against the plaintiffs. First, as to the conveyances. Assuming that the grantors had only a life estate, the conveyances would be valid to pass that and so could not properly be declared invalid as to that. And, as to the plaintiffs' remainders, assuming that they had remainders, the court could not, on the theory of removing a cloud, declare invalid as against remaindermen conveyances that on their face purport to convey the unquestioned interest and only the interest of the life tenants. A mere declaratory decree upon the construction of the conveyances, to the effect that they did not pass the fee is not asked for and could not properly be granted, if it were.

Secondly, as to the decision. Of course, even if that could properly be declared of no effect as against the plaintiffs, it would still be true that no trust could be declared as to the shares of stock and yet it is somewhat doubtful if the plaintiffs can be considered as seeking a declaratory decree as to the decision alone, and, if they are, it is not clear on what theory they can rightfully ask for a decree merely declaring a decision to be of no effect as against them, without asking for an injunction or other relief to prevent its enforcement. Equity does not act directly on judgments nor is it a branch of equity jurisdiction to merely construe judgments. Without going into many of the questions of pleading, practice and jurisdiction raised by the defendants in this case, we take it that the plaintiffs cannot obtain the relief desired unless the decision in question is void. No fraud, accident, mistake or surprise is relied on. If the decision were only voidable, equity could not act. Assuming that equity may relieve against a decision that is wholly void or even one that is void on its face, we must hold that the decision in question is not void. It could not be collaterally attacked. The main grounds on which it is contended that the decision is void are: (1) that the Supreme Court which rendered the decision was composed in part of two substitute members in place of two disqualified regular members, but that under the Constitution not more than one substitute

could sit; (2) that the decision was rendered upon reserved questions in equity at chambers but that the statute permitted the reservation of questions in court only, and (3) that there was no jurisdiction to construe the will after deciding that there was no longer any trust in existence. (1) It is at least doubtful whether the constitution (Const. 1894, Art. 83, Sec. 1) did not permit the places of two disqualified members of the court to be filled with substitutes at the same time. The statute clearly did in terms at least. C. L., Sec. 1170. That has been the practice acquiesced in for years under the statute. The court was a *de facto* court and the decisions of a *de facto* court are not void and cannot be questioned collaterally. *Hind v. Wilder's Steamship Co.,* 14 Haw. 217. See *also Ninomiya v. Kepoikai, ante* 273. (2) Granting that the Supreme Court did not have jurisdiction of reserved questions in equity (See *Booth v. Baker,* 10 Haw. 543, and the decision in question, in *Brown v. Brown,* 11 Haw. 47), still was the defect such as to make the decision absolutely void? The court had equity jurisdiction on appeals and it also had jurisdiction of reserved questions in law cases. The defect lies in the method of bringing the question up to this court. The questions were reserved by the Circuit Judge at chambers instead of in court. In our opinion it is not such a defect as renders the decision obsolutely void. See *Hind v. Wilder's Steamship Co., supra,* at page 219. (3) We may assume that according to the weight of authority equity should not entertain a bill solely for the purpose of construing a will although a number of courts hold otherwise, and this court has gone far in that direction (see *Hyde v. Smith,* 11 Haw. 535) ; also that if the court in the former case had jurisdiction at first primarily because a trust was involved and only incidentally of the question of construction it should have declined to answer the latter question when it decided that there was no trust. Still, the decision would not be wholly void. It may have been erroneous without being void. Those are questions on which courts differ. The practice is as determined by the courts in each jurisdiction. If the decision was erroneous in these respects, it was mainly because there was an adequate

remedy at law. But that was a matter that could be waived. See *Kuala v. Kuapahi, ante* 301. And this as well as the other alleged defects above mentioned could be waived on behalf of the plaintiffs, notwithstanding they are minors, at least, so as to preclude a collateral attack by the minors. See *Kingsbury v. Buckner,* 134 U. S. 650.

The decree appealed from is affirmed and the case remanded to the Circuit Judge.

*A. S. Hartwell* for plaintiffs.

*Hatch & Silliman, J. A. Magoon and T. I. Dillon* for defendants Brown and Magoon.