# FRANCISCO S. BORGES *v.* MARIA ADELAIDE BETTENCOURT BRIOZO DE SAQUEIRA ENCAMACAO.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 2, 1911.                    DECIDED OCTOBER 20, 1911.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EQUITY—*jurisdiction—constructive service.*

Section 1840, Revised Laws, which authorizes constructive service upon non-resident defendants in suits in equity is valid and operative only in those cases in which equity has jurisdiction according to the general principles of equity to proceed in matters in which the decree may operate directly upon property.

SAME—*removal of cloud—remedy in personam.*

In the absence of statute a court of equity has no inherent power by the mere force of its decree to annul a deed or to establish a title.

The relief sought in this case being the removal of a cloud upon title by the delivering up and cancellation of an alleged fraudulent deed is purely *in personam,* and jurisdiction of the

person of the defendant, a non-resident, cannot be acquired through service by publication.

OPINION OF THE COURT BY ROBERTSON, C.J.

This was a bill in equity for the cancellation of a deed on the ground of fraud. The bill sets forth, in substance, that the complainant is a resident of Roseas, Azores Islands, and that the defendant is a resident of the State of California; that on or about the 9th day of August, 1907, the defendant caused to be recorded in the office of the registrar of conveyances in the City and County of Honolulu, Territory of Hawaii, a deed whereby the complainant purported to convey to the defendant certain lands owned by the complainant situated in this Territory, a copy of said deed being attached to the bill; that the complainant did not execute, sign or deliver said deed, and did not make any conveyance of his interest in said lands to the defendant; that said deed and the signature of the complainant thereto are fraudulent; that said deed constitutes a cloud upon the title of the complainant to said lands which complainant seeks to remove; and that the complainant has no speedy and adequate remedy at law. Complainant prayed that said cloud be removed; that the defendant be required to deliver up and cancel said deed; for general relief; and for the issuance of process requiring the defendant to appear and defend. The bill was signed and sworn to by Matheus Silveira Nunes Bettencourt, attorney-in-fact for the complainant. The deed in question purports to convey all the grantor's undivided one-third interest in two pieces of land situated in Honolulu, described by metes and bounds, habendum to the grantee "from and after the death of the grantor." Summons was issued, and the officer's return thereto showed that upon due and diligent search the defendant could not be found within the Territory, but that he had delivered to each of three persons residing upon and in possession of the premises referred to in the bill of complaint a certified copy of the summons and bill and at the same

time showing each of them the originals. The complainant
then filed the affidavit of one J. P. Mendonca, who deposed
that the defendant was never an inhabitant of the Territory of
Hawaii, but resides at 150 Moss Avenue, in the City of Oak-
land, State of California; whereupon the circuit judge made
an order that service of process upon the defendant be made
by publication, and that a copy of the summons and petition
be deposited in the postoffice at Honolulu, addressed to the de-
fendant at her place of residence. Subsequently affidavits were
filed showing that the service by publication had been made
and that a certified copy of the summons and complaint had
been mailed as directed by said order.

The defendant appeared specially by counsel and moved
"that the above entitled action be dismissed, for the reason
that it appears that the court has not obtained jurisdiction over
the person of this defendant, the cause of action as stated in
and by the complaint filed herein, if any is so stated, being
in its nature transitory, and not *in rem,* but *in personam."*
The circuit judge granted the motion, and made and entered
an order dismissing the bill at complainant's costs. The com-
plainant appeals from that order.

It is not averred in the bill of complaint that the complain-
ant is in possession of the land in question, but no point has
been made of the fact by the defendant. The possibility that
the jurisdiction of the court below might be affected by reason
of the lack of such an averment will, under the circumstances
and in view of the conclusion reached, be passed over.

Counsel for the complainant contend that a suit to remove
a cloud upon title is a proceeding *in rem sub modo,* in which
constructive service will give jurisdiction when the same is
authorized by statute; that we have such a statute in this Ter-
ritory; and that the circuit judges, having cognizance of all
such matters in equity, can give relief *in rem,* though their de-
crees would have no force *in personam,* when jurisdiction has
been obtained upon constructive service on a non-resident de-

fendant. They rely largely on the cases of *Arndt* v. *Griggs,* 134 U. S. 316; *Roller* v. *Holly,* 176 U. S. 398, and upon two cases in our own reports hereinafter referred to. Counsel for the defendant take the position that the case at bar is in its nature purely personal and transitory, and that, therefore, the court below could acquire no jurisdiction over the person of the defendant except by means of personal service of process upon her within this Territory. They rely principally on the case of *Hart* v. *Sansom,* 110 U. S. 151.

The question of whether the courts of California could afford the complainant relief was discussed in the briefs, but we hold that the case must be decided without reference to what, if any, rights the complainant may be able to assert against the defendant under the laws of that State.

Section 1840 of the Revised Laws contains a general authorization of service of process by publication in equity cases whenever the defendant cannot be found by the officer charged with the service of process.

Our statute (R. L. Sec. 1834) dealing with the jurisdiction of circuit judges in equity, after enumerating certain matters of equitable cognizance, provides that such judges "shall have full equity jurisdiction, according to the usage and practice of courts of equity in all other cases where there is not a plain, adequate and complete remedy at law."

Suits to quiet title to real estate, to remove clouds, or to cancel instruments are not included in the enumeration referred to, but there is no doubt that under the clause above quoted the equitable jurisdiction of the circuit judges does extend to such matters.

The question is whether, "according to the usage and practice of courts of equity," jurisdiction exists to remove a cloud upon title to land so that the court may make a decree which would be effectual to accomplish the relief sought in this case in the absence of personal service on the defendant.

Equitable jurisdiction has been very generally extended by statutory enactments in the States. In 1 Pomeroy's Equity Jurisprudence (3d ed.), Sec. 170, it is said: "Although it was said in the earliest days of the jurisdiction of chancery, and has been constantly repeated by writers and judges to the present time, that equitable remedies act wholly on the person, *in personam,* and not upon property, *in rem,* the exact meaning and limits of this rule must be accurately understood, or else it will be very misleading, and will entirely misrepresent the theory of the equity remedial system. * * * This ancient quality in the operation of equitable remedies has been greatly modified by various statutes in the United States, which, in some instances, provide that a decree establishing an estate, interest or right of property in the plaintiff shall execute itself, shall be of itself a muniment of title, by divesting the defendant of the interest and vesting the same in the plaintiff, without any conveyance or other instrument of transfer."

No such statute exists in this Territory. But the importance of such a statute clearly appears from the decided cases. In *Arndt* v. *Griggs,* supra, the court said: "If a State has no power to bring a non-resident into its courts for any purposes by publication, it is impotent to perfect the titles of real estate within its limits held by its own citizens; and a cloud cast upon such title by a claim of a non-resident will remain for all time a cloud unless such non-resident shall voluntarily come into its courts for the purpose of having it adjudicated. But no such imperfections attend the sovereignty of the State. It has control over property within its limits; and the condition of ownership of real estate therein, whether the owner be stranger or citizen, is subjection to its rules concerning the holding, the transfer, liability to obligations, private or public, and the modes of establishing title thereto. It cannot bring the person of a non-resident within its limits—its process goes not out beyond its borders—but it may determine the extent of his title to real

estate within its limits; and for the purpose of such determination may provide any reasonable methods of imparting notice. The well being of every community requires that the title of real estate therein shall be secure, and that there be convenient and certain methods of determining any unsettled questions respecting it." (134 U. S. 320, 321.)

The fact that such a statute, an enactment of Nebraska, controlled the decision in that case suffices to distinguish it from *Hart* v. *Sansom, Roller* v. *Holly,* and the case at bar.

The case of *Hart* v. *Sansom* involved the validity of a decree of a State court for the removal of a cloud upon the title of land within the State, rendered against a citizen of another State who had been cited by publication only. The court said: "Upon a bill for the removal of a cloud upon title, as upon a bill for the specific performance of an agreement to convey, the decree, unless otherwise expressly provided by statute, is clearly not a judgment *in rem,* establishing a title in land, but operates *in personam* only, by restraining the defendant from asserting his claim, and directing him to deliver up his deed to be cancelled, or to execute a release to the plaintiff. * * * It would doubtless be within the power of the State in which the land lies to provide by statute that if the defendant is not found within the jurisdiction, or refuses to make or cancel a deed, this should be done in his behalf by a trustee appointed by the court for that purpose. * * * But in such a case, as in the ordinary exercise of its jurisdiction, a court of equity acts *in personam,* by compelling a deed to be executed or cancelled by or in behalf of the party. It has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title." (110 U. S. 154, 155.) Although it has been said that *Arndt* v. *Griggs,* in effect, overruled *Hart* v. *Sansom,* we think in view of the difference in the facts involved in each, the two cases are not inconsistent.

In *Bennett* v. *Fenton,* 41 Fed. 283, 286, Shiras, J., said:

"When the decision in *Hart* v. *Sansom* was announced, it was generally held to lay down the rule that a decree in equity quieting the title to realty operated only as a decree *in personam,* and therefore was of no force, when based only on service by publication on a non-resident defendant. In the light of the subsequent cases decided by the supreme court, it is questionable whether too broad a construction has not been given to the language used in that opinion; or perhaps, it would be more accurate to say that sufficient consideration and weight has not been given to a limiting clause in the opinion, wherein it is stated that, 'upon a bill for the removal of a cloud upon title, as upon a bill for the specific performance of an agreement to convey, the decree, unless otherwise expressly provided by statute, is clearly not a judgment *in rem,* but operates *in personam* only, by restraining the defendant from asserting his claim,' etc. In other words, if the enforcement of the decree touching the title is dependent solely upon the inherent powers of a court of chancery, it is, of necessity, a decree *in personam,* because generally equity jurisdiction is exercised *in personam,* and depends upon the control of the court over the parties. If, however, there is a statutory power given to the court to effectuate its decree by controlling the property, then the proceeding becomes in its nature a proceeding *in rem,* and in such case service by publication, in case of non-residents, will confer jurisdiction to deal with the property." Touching on this point, the court in *Arndt* v. *Griggs,* referring to *Hart* v. *Sansom,* said: "There was presented no statute of the State of Texas providing directly for quieting the title of lands within the State, as against non-residents, brought in only by service by publication, such as we have in the case at bar, and the only statute cited by counsel or referred to in the opinion was a mere general provision for bringing in non-resident defendants in any case by publication; and it was not the intention of the court to overthrow that series of earlier authorities heretofore referred to,

which affirm the power of the State, by suitable statutory proceedings, to determine the titles to real estate within its limits, as against a non-resident defendant, notified only by publication." (134 U. S. 329.)

In *Hill v. Henry,* 66 N. J. E. 150, 155, referring to suits strictly *in rem* and those *quasi in rem,* the court said: "Both of the classes of cases last mentioned have this in common. The *res,* the subject of the controversy, is within the jurisdiction, and it is because it is so that the court is able to affect defendant's interest in it. There is a further case, illustrated, so far, by proceedings to quiet title. The case is based upon a denial of any *'res'* in the defendant. In this class of cases the supreme court has taken a distinction. If the decree sought be a decree operating *in personam* only, to be made under the ordinary jurisdiction of equity—a decree, for instance, that the defendant make or cancel a conveyance; that defendant be restrained from asserting his claim—it can only be made after personal service within the jurisdiction or after appearance. *Hart* v. *Sansom,* 110 U. S. 151. But if the decree be taken under a statute which authorizes the court to determine the question of title and to decree it to the party entitled, then it binds without such service or appearance if the statute has provided 'a reasonable method of imparting notice.' *Arndt* v. *Griggs,* 134 U. S. 316."

The principle recognized in *Hart* v. *Sansom,* that in the absence of statute a court of equity has no inherent power, by the mere force of its decree, to annul a deed or to establish a title, has been repeatedly affirmed by the supreme court and should be regarded as firmly established. See *Carpenter* v. *Strange,* 141 U. S. 87, 106; *Dull* v. *Blackman,* 169 U. S. 243; and *Fall* v. *Eastin,* 215 U. S. 1, 10.

The effect of a statute like those involved in *Arndt* v. *Griggs* and in *Bennett* v. *Fenton* is to constitute a proceeding brought under the operation of its provisions in its nature a proceed-

ing *in rem.* The decree in such a proceeding can affect only property within the jurisdiction of the court, but as to such property it is substantially a proceeding *in rem* within the broader sense of that term as it was defined in *Pennoyer* v. *Neff,* 95 U. S. 714, 734. But a statutory provision, such as section 1840 of the Revised Laws, which provides for service by publication upon non-resident defendants in suits in equity generally, is ineffectual to give jurisdiction in suits other than those essentially *in rem* and in which the decree operates directly upon the subject-matter.

Dealing with such a statute, the supreme court in the case of *Roller* v. *Holly,* said: "We are bound to give it some effect. We cannot treat it as wholly nugatory, and as it is impossible to say that it contemplates a procedure in one class of cases and not in another, we think the only reasonable construction is to hold that it applies to all cases where, under recognized principles of law, suits may be instituted against non-resident defendants. * * * Where a statute specifies certain classes of cases which may be brought against non-residents, such specification doubtless operates as a restriction and limitation upon the power of the court; but where, as in article 1230 of the Texas Code, the power is a general one, we know of no principle upon which we can say that it applies to one class of cases and not to another. Unless we are to hold it to be wholly inoperative, it would seem that suits to foreclose mortgages or other liens were obviously within its contemplation." (176 U. S. 406, 407.) That case involved the validity of a judgment of a State court in an action to recover upon notes given for the purchase price of certain land and to foreclose a vendor's lien upon the land to the amount of the notes. It was conceded that the judgment for the money claim was invalid as a personal judgment against the non-resident defendant, but it was held that the foreclosure of the lien upon the land was proper and effective.

Borges v. Encamacao, 20 Haw. 638.

In a case involving a similar statute the supreme court of Montana held that a court cannot acquire jurisdiction over a defendant in a suit to enforce the specific performance of a contract to convey land upon service by publication. *Silver Camp Mining Co.* v. *Dickert,* 31 Mont. 488, 501.

We see no difference in principle between a suit for specific performance of a contract to convey land and one to compel the cancellation of a deed.

In the case at bar the relief prayed for is clearly *in personam.* The complainant asks for a decree ordering the defendant to deliver up and cancel the deed in question in order that the cloud resulting from the recordation of that deed may be removed from his title to the land. In this respect the case differs from both *Byrne* v· *Allen,* 10 Haw. 668, and *Bicknell* v. *Herbert,* ante, p. 132. The former case was a creditor's bill filed to reach and apply to the satisfaction of a judgment held by the plaintiff certain property belonging to the principal defendants and situated within the jurisdiction of the court which had been attached. The court there said (p. 671): "Whether personal service is necessary in any case will depend upon the nature of the case. If the judgment sought is a personal one within the State, personal service must be had upon defendant, or he must make voluntary appearance, in order to obtain jurisdiction of the person of the defendant and fix his personal liability. But a judgment which operates upon the property is in the nature of a proceeding *in rem,* and does not require that personal service be had." *Bicknell* v. *Herbert* was a garnishment case, and the question was whether substituted service upon an absent defendant in such a proceeding was sufficient. It was there said: "When a judgment purely *in personam* is sought, personal service is indispensable; but when the proceeding is *in rem* or *quasi in rem* substituted service will suffice. A garnishment such as that in the case at bar, where the object sought is to apply the property of

the defendant, to wit, the debt due to him by a third party, to the satisfaction of his debt to the plaintiff, is a proceeding *quasi in rem* within the meaning of this rule." (Ante, pp. 136, 137.)

We may summarize as follows: That our statute confers jurisdiction in equity upon the circuit judges in all unenumerated cases where according to the usage and practice in chancery there is not a plain, adequate and complete remedy at law. That the statute providing for constructive or substituted service upon absent defendants, being a general one, is operative only in so far as equity has jurisdiction according to the general principles of equity to proceed in matters in which the decree may operate directly upon property, as, for example, suits to foreclose mortgages or liens, or to partition real estate, or suits involving attachments. And that while power may be conferred by statute upon a court of equity to annul a deed and to remove a cloud, or establish a title by the mere force of its decree as to property within its jurisdiction, such power has not been conferred upon the circuit judges sitting as courts of equity in this Territory.

The order appealed from is affirmed.

*R. B. Anderson* (*Kinney, Prosser, Anderson & Marx* on the brief) for plaintiff.

*E. M. Watson* (*Thompson, Wilder, Watson & Lymer* on the brief) for defendant.