Sackwitz v. Goodwin, 21 Haw. 84.

## FRED SACKWITZ *v.* ELIZABETH GOODWIN, CHARLES F. SACKWITZ AND BISHOP TRUST COMPANY, LIMITED, A CORPORATION.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 8, 1912.                    DECIDED APRIL 17, (1912.

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

EQUITY—*purpose of suit—remedy in personam.*

>    A suit in equity, the essential purpose of which is to establish a trust with reference to, as well as to establish a title in, certain land, is purely a proceeding *in personam*, and jurisdiction of the persons of the defendants, non-residents, cannot be acquired by substituted service.

OPINION OF THE COURT BY DE BOLT, J.

This is a bill in equity, the essential purpose of which is to establish a trust with reference to, as well as to establish a title in, certain real property in Honolulu. The facts essential to a consideration of the questions presented are these: That Matilda Bright Sackwitz, the wife of the complainant, died vested with the legal title to the property in controversy, leaving a certain instrument in writing purporting to be her last will and testament whereby she devised the property to the respondents, Elizabeth Goodwin and Charles F. Sackwitz, nominating the respondent, Bishop Trust Company, Limited, executor of the will; that the will has been duly filed for probate, the petition for which is now pending; that the property was acquired by the complainant, and was paid for and improved by him with his own money; that pursuant to an agreement between the complainant and his wife, and with the mutual understanding that the property was his, the deed therefor was executed to Mrs. Sackwitz.

The prayer of the bill is, that the title to the property be declared to have been in the wife of the complainant as trustee

for him; that the land be decreed to be the property of the complainant; that a commissioner be appointed to execute a deed to the complainant conveying the same to him; that pending the hearing of the cause the respondents be enjoined from dealing with it; and that a receiver be appointed to collect the rents, issues and profits thereof.

Summons was issued, and the officer's return shows that personal service was had upon the respondent, Bishop Trust Company, Limited, and that upon due and diligent search the other respondents, Elizabeth Goodwin and Charles .F. Sackwitz, could not be found, they being residents of the State of Ohio, but that he had delivered to a person upon the premises involved in the controversy certified copies of the summons and complaint and at the same time showing him the originals. It is obvious that the service thus attempted was predicated upon section 1840, R. L., which provides, *inter alia,* that when the defendant cannot be found by the officer charged with the duty of serving process, service may be had by leaving a copy of the petition and of the summons "with some one upon the premises involved in the controversy."

The respondents, Elizabeth Goodwin and Charles F. Sackwitz, appeared specially by counsel and moved that the service of summons upon them be quashed on the ground that such service was void, having been made in the manner disclosed by the officer's return. The circuit judge granted the motion, and entered an order quashing the service. The complainant appeals from that order.

Counsel for the respondents contend that this is not a suit *in personam* but is one affecting title and right to land within the local jurisdiction; that the pronouncement by the court that the title to the property was in the wife of the complainant as trustee for him, and that the property is that of the complainant, would be a decree operating *in rem* and not *in personam;*

that the presence of the respondents is not essential to the power of the court to declare the trust and pronounce the land the property of the complainant. In our opinion the case at bar is one purely *in personam,* and the court is without power to proceed upon substituted service. Counsel also contend that the relief sought is within section 1834, R. L., which provides that circuit judges may hear and determine in equity, "Suits and proceedings for enforcing and regulating the execution of trusts, whether the trusts relate to real or personal estate." Assuming for the purposes of this case that the contention of counsel in this regard is correct, still, inasmuch as the relief contemplated by the statute is the same which equity would have granted prior to the enactment of the statute and continues as formerly, *in personam* and not *in rem,* it follows that upon substituted service of the respondents the complainant cannot avail himself of the provision of the statute. Hence, the court is without power to declare the trust, if one exists, or to determine the status of the title to the land. Counsel also contend that this suit is distinguishable from the case of *Borges* v. *Emcamacao,* 20 Haw. 638. We are clearly of the opinion that the case at bar, upon principle, is in no way distinguishable from that case. In the *Borges* case the relief sought was the removal of a cloud upon a title by the delivering up and cancellation of an alleged fraudulent deed, and we held that the case was purely *in personam,* and that jurisdiction of the person of the defendant, a non-resident, was essential and that it was not acquired by constructive service. It was the essential purpose of that case to annul a deed and establish a title to certain land. So in the case at bar, the complainant seeks to establish a trust with reference to certain land and to have the title to the same established by a decree in himself. This, in the absence of appropriate legislation, the court has no power to do upon substituted or constructive service of process on non-resident defendants.

Sackwitz v. Goodwin, 21 Haw. 84.

Therefore, upon the authority of the *Borges* case, we affirm the ruling of the circuit judge in quashing the service of the summons as attempted to be made upon the respondents, Elizabeth Goodwin and Charles F. Sackwitz. The case is remanded for such other proceedings as may be deemed advisable not inconsistent with this opinion.

*F. Schnack (E. C. Peters* with him on the brief) for complainant.

*C. H. Olson (Holmes, Stanley & Olson* on the brief) for respondents Elizabeth Goodwin and Charles F. Sackwitz.