**NAAMLOZE VENNOOTSCHAP SUIKER-FABRIEK "WONO–ASEH" v. CHASE NAT. BANK OF CITY OF NEW YORK et al.**

United States District Court
S. D. New York.
Jan. 18, 1952.

Parker, Chapin & Flattau, New York City, for plaintiff.

Milbank, Tweed, Hope & Hadley, New York City, for defendants Chase Nat. Bank & Egger & Co.

Abberley, Bryde, Kooiman, MacFall & Amon, New York City, for impleaded defendant and Foreign Exchange Institute of Indonesia, intervener.

Sylvester & Harris, New York City, for intervener Foreign Exchange Commission of Suriname.

WEINFELD, District Judge.

This is a motion by plaintiff for leave to amend its complaint. The original complaint contained but one cause of action for the recovery of certain securities held in a custody account by the defendant, The Chase National Bank of the City of New York.

The proposed amended complaint re-alleges this claim but seeks to add a second cause of action which, in substance, alleges that the defendant, Chase National Bank, made a series of transfers of the account and paid out dividends and income derived from the securities to parties other than the plaintiff or without its knowledge or consent, and in violation of a custody agreement. In this action plaintiff seeks recovery of the interest and dividends so paid to others.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that leave to amend shall be freely given when justice so requires. The facts which form the basis of the second cause of action were not known to the plaintiff until September 1951, after taking the deposition of the defendant, Chase National Bank. The deposition was taken within a reasonable time after the commencement of the action and plaintiff moved promptly thereafter to amend the complaint.

The defendant resists the amendment on the ground of prejudice. The prejudice claimed is that the statute of limitations is a partial defense to the new proposed cause of action and that the amendment, if granted, would, under Section 15(c) of the Federal Rules of Civil Procedure, relate back to the date of the original complaint and thus revive claims barred the last year and a half; that if plaintiff were required to commence a new action, the defendant, Chase National Bank, would have available to it the defense of the statute to the extent indicated.

The plaintiff, upon the facts, is entitled to leave to serve the amended complaint. On the other hand, the defendant is entitled to have its rights protected. Accordingly, the motion to serve an amended complaint

setting forth the second cause of action is granted; however, the order to be entered hereon may contain an appropriate provision that the granting of this application is without prejudice to the defendant's right to contend that the new cause of action did not arise "out of the conduct, transaction or occurrence" set forth in the original complaint and to interpose the defense of any applicable statute of limitations, such issues to be determined upon the trial, unless disposed of prior thereto.

Settle order on notice.