WILLIAM M. COX *v.* J. M. TANAKA, INC., JOHN DOE ONE, JOHN DOE TWO, JOHN DOE THREE, AND JOHN DOE FOUR.

No. 4196.

JULY 18, 1962.

CASSIDY, WIRTZ, LEWIS, MIZUHA, JJ., AND CIRCUIT JUDGE KITAOKA IN PLACE OF TSUKIYAMA, C.J., DISQUALIFIED.

OPINION OF THE COURT BY MIZUHA, J.

Plaintiff-appellant, William M. Cox, filed his complaint on July 15, 1958, against defendant-appellee, J. M. Tanaka, Incorporated, alleging that he was injured on July 18, 1956, as a result of the negligence of the defendant corporation.

According to the return on file, service of the complaint and summons was made on defendant, J. M. Tanaka, Incorporated, on July 15, 1958. Thereafter, defendant, J. M. Tanaka, Incorporated, in its answer alleged in part:

"This defendant affirmatively alleges that on or about July 18, 1956, it was not in existence; that J. M. TANAKA, INCORPORATED, was incorporated under the laws of the Territory of Hawaii on November 29, 1957, and that it was impossible for this defendant to have committed a tort on or about the date alleged in the complaint."

On December 16, 1959, approximately seventeen months after the filing of the defendant corporation's answer, plaintiff, in order to save his cause of action from the bar of the two-year statute of limitations, moved the lower court to amend the complaint to substitute J. M. Tanaka, a partnership, as a party-defendant in place of the corporation, and for amendment of the return of service. The motion was denied on February 4, 1960.

Thereafter, plaintiff had an alias summons served on J. M. Tanaka, a partnership, who appeared specially and moved to quash the alias summons and return of service of alias summons. The motion was granted by the lower court and plaintiff appealed. The following is a pertinent chronology:

| | |
|---|---|
| February 4, 1960 | Oral order denying the motion to amend the complaint. |
| February 5, 1960 | Alias summons issued by clerk of the court at the request of appellant against J. M. Tanaka, a partnership, as defendant. |
| February 8, 1960 | Return of alias summons after service on J. M. Tanaka, a partnership, on February 5, 1960. |
| February 19, 1960 | Motion to quash alias summons and return of service of alias summons. |
| February 24, 1960 | Written order denying motion to amend complaint to make J. M. Tanaka, a partnership, the defendant. |
| March 4, 1960 | Written order granting motion to quash alias summons and return of service of alias summons. |

| | |
|---|---|
| March 10, 1960 | Direction for the entry of judgment and order allowing interlocutory appeal. |
| April 9, 1960 | Notice of appeal under Rule 73(d) and bond for cost on appeal. |
| April 21, 1960 | Judgment for J. M. Tanaka, a partnership. |
| May 9, 1960 | Supplemental notice of appeal and designation of contents of record of appeal. |

Appellant admits that there is no appeal before this court from the written order denying the motion to amend the complaint filed on February 24, 1960.

The written order filed on March 4, 1960, granting the motion by J. M. Tanaka, a partnership, to quash alias summons and return of service of alias summons filed on March 4, 1960, was a final order and, hence, appealable to this court. *Carmack* v. *Panama Coca Cola Bottling Co.,* 190 F.2d 382 (5th Cir.); *Enos* v. *Berger,* 46 Haw. 1, 373 P.2d 710. The lower court in granting the motion to quash alias summons and return of service of alias summons found that the alias summons was "not directed to nor served on the defendant named in the complaint, and on the further ground that the parties named in the complaint and those named in the summons are not the same." *Peabody* v. *Paakaua,* 24 Haw. 250, and *Rodrigues* v. *Correia,* 20 Haw. 563, are distinguishable inasmuch as in those cases there was error in the issuance of the original summons or in computing the time in which a summons may be made returnable and same could be corrected by the issuance of the proper alias summons directed to the named party defendant. Here, the court, having previously denied the motion

to amend the complaint by making J. M. Tanaka, a partnership, a party defendant, foreclosed the possibility of the issuance of an alias summons against said partnership.

This order granting the motion to quash alias summons and return of service of alias summons being a final and appealable order, the appeal was not timely taken. The "direction for entry of judgment" and order allowing interlocutory appeal filed on March 10, 1960, as well as the "judgment" filed on April 21, 1960, were nullities. J. M. Tanaka, a partnership, having appeared specially for the sole purpose of the motion to quash the alias summons and the complaint not having been amended, entry of judgment for said parntership was improper. Filing of these documents which were without legal significance cannot save the time for appeal as allowed by H.R.C.P., Rule 73(a).

Appellant relies on H.R.C.P., Rule 54(b) relative to multiple claims wherein "the court may direct entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." This is not in point and without merit. Under H.R.C.P., Rule 73(a), plaintiff has not taken his appeal within thirty days after the final order granting the motion to quash alias summons and return of service of alias summons.

Appeal dismissed.

*E. D. Crumpacker* (*Crumpacker & Sterry*) for plaintiff-appellant, William M. Cox.

*Ralph T. Yamaguchi,* for defendant-appellee, J. M. Tanaka, Inc.

*Leslie T. Bennett* for defendant-appellee, J. M. Tanaka, a partnership.

I concur in the dismissal of the appeal. It purports to have been taken from the direction for entry of judgment, filed March 10, 1960, and the judgment, filed April 21, 1960. These papers were without legal significance. Had they represented a change of view on the part of the trial court, to wit, a decision to permit the amendment and then dismiss the J. M. Tanaka partnership by virtue of the statute of limitations, that would have brought before this court the question appellant seeks to present, *viz.*, did the complaint filed July 15, 1958, save plaintiff's cause of action against the J. M. Tanaka partnership from the bar of the statute of limitations by application of the doctrine of misnomer, discussed in the annotation in 8 A.L.R.2d 6? But it is impossible to construe the record as representing a change of view on the part of the trial court as to permitting the amendment, because J. M. Tanaka, Inc., has not been dismissed out of the case as it would have been had the amendment been allowed. The record presents an anomaly. At no time has plaintiff sought to sue two defendants. Yet the judgment was directed to be and was entered on the theory that H.R.C.P., Rule 54(b) applied.

Though the appeal must be dismissed, study of the procedure followed in the court below leads to this question: How can a plaintiff, who named a corporation in his complaint, filed when the statute of limitations had but a few days to run, and who now says that the real party intended to be sued was a partnership of the same name,[1] bring the partnership before the court in order to obtain an adjudication as to whether he made a fatal error when he named the corporation? I am not satisfied with the answer that there is no way in which he can do

---

[1] *Cf.*, R.L.H. 1955, § 172-11, and § 186-2 as amended by Act 307, S.L. 1957.

it.[2] If such be the case, then the misnomer question must be litigated ex parte, with only such participation by counsel for the partnership as is proper for an *amicus curiae*.

Had plaintiff learned of his dilemma during the period in which he could amend as a matter of course (H.R.C.P., Rule 15(a)) the answer would be simple. He could amend the complaint and move to amend the return of service of summons under H.R.C.P., Rule 4(h). Pending hearing on that motion he could cause an alias summons to be issued and served with the amended complaint. *Cf.*, *Grandey* v. *Pacific Indemnity Co.*, 217 F.2d 27 (5th Cir.). That still would leave open the misnomer question for if it was a case of substitution of a new party, and not the correction of a misnomer, the doctrine of relation back would be inapplicable and the claim would be barred. Annot., 8 A.L.R.2d 6, *supra*.

Just because plaintiff learned of his dilemma from the corporation's answer and therefore was not within the period when he could amend as a matter of course, that should not have caused a breakdown in the procedural machinery. Plainly, the trial judge did not consider the misnomer contention frivolous, for he allowed an interlocutory appeal from the granting of the motion to quash. I am of the view that the situation was one in which amendment of the complaint should have been allowed, reserving the question whether the amendment related back to the date of filing of the complaint.[3] See *Naamloze Vennotschap Suikerfabriek "Wono-aseh"* v. *Chase Nat'l*

---

[2]Issuance of an alias summons to bring in the J. M. Tanaka partnership when the complaint named the corporation was not the answer.

[3]Allowance of amendments lies in the discretion of the trial court, and a court may deny leave to amend if the amendment would be subject to a motion to dismiss. 3 Moore, Federal Practice, § 15.08 at 833-34 (2d ed.). However, there are reasons why the court in this case should have allowed the amendment and then ruled on its effect.

*Bank,* 12 F.R.D. 261 (S.D.N.Y. 1952) ; *Copeland Motor Co.* v. *General Motors Corp.,* 199 F.2d 566 (5th Cir.) ; *Ross* v. *Philip Morris Co.,* 164 F. Supp. 683 (W.D. Mo. W.D.) ; *Ackerley* v. *Commercial Credit Co.,* 111 F. Supp. 92, 97 (D. N.J.) ; but see *Kerner* v. *Rackmill,* 111 F. Supp. 150 (M.D. Pa.), and *Wagner* v. *New York, Ontario & Western Ry.,* 146 F. Supp. 926 (M.D. Pa.). Upon allowance of the amendment issuance of the alias summons would have been proper, and the trial court's ruling against the plaintiff on the misnomer point would have led to a final judgment dismissing the complaint. That would have paved the way for an appeal by plaintiff with the partnership as appellee, thus providing for proper consideration of the issue as in *Porter* v. *Hardin,* 164 F.2d 401 (5th Cir.) ; *Hammond-Knowlton* v. *United States,* 121 F.2d 192 (2d Cir.) ; and *Hoffman* v. *Halden,* 268 F.2d 280, 303 (9th Cir.). Without such amendment, in the event of dismissal of the complaint the corporation will be the appellee and we will have another anomaly. That is, we will have to hear the appeal ex parte or else permit the corporation to defend the position that the action is barred against the partnership.